EASTER FLEMING v. NUNN & ANDERSON.

61    603
90    181

1. CHANCERY.    Jurisdiction.    Bill to vacate defective judgment.

A party having actual notice of the suit and full knowledge of the rendition of a defective judgment against him, which he could have tested by appeal or certiorari, cannot after allowing the time for such proceedings to elapse invoke the aid of the chancery court to relieve him of the result of his own laches.

2 SUMMONS.    Equivocal return.    Right of justice issuing to construe.

When the return on a summons is equivocal, it not appearing of which of two defendants are served, it is competent for the justice issuing the summons to construe the return and say whether the service was personal or not.

APPEAL from the Chancery Court of Noxubee County.

HON. F. A. CRITZ, Chancellor.

The facts are stated in the opinion.

Thomas J. O'Neill & W. B. Stewart, for the appellant.

1. It is stated in 3 Wait's Actions and Defenses, page 733, that even if the court had general jurisdiction, if the judgment be rendered by accident or mistake or through fraud, or any fact exists which proves it to be against conscience to execute the judgment, of which the injured party could not have availed himself in a court of law, or which he might have availed himself at law, but was prevented by fraud, accident, or mistake, unmixed with any fault or negligence of himself or his agents, a court of equity may interfere by temporary or perpetual injunction to restrain the adverse party from availing himself of such judgment.    To same effect see 37 Barb. 199 ; 56 N. Y. ; Bibb v. Hitchcock, 49 Ala. 468 ; 20 Am. Rep. 288 ; 3 Wait's Actions and Defenses 733.    The enforcement of a void judgment may be perpetually enjoined when such judgment appears to be valid and regular upon its face ; "and this is especially true when the judgment is unjust."    Crofts v. Dexter, 8 Ala. 757 ; Ross v. Harper, 99 Mass. 175.    It is insisted, however, by the defense in this case, that their judgment rendered by the justice of the peace against complainant, and which she seeks to perpetually enjoin, is unassailable, because shielded by the legal presump-

tions of jurisdiction, regularity of proceeding, etc., etc. This is a fallacy. There is no presumption of law in favor of the jurisdiction of a court of special and limited authority; as to them, there is no presumption of law in favor of their jurisdiction that must affirmatively appear by sufficient evidence or proper averments in the record, or their judgments will be deemed void on their face. Per Field, Justice, in *Galpin* v. *Page,* 18 Wall 350–365; *Mills* v. *Mortin,* 19 John. Now, on the face of the judgment complained of in this case, the *return* of the officer is copied by the court, and if the return of it shows anything, it is the fact that the defendants were not served with the process as the law directs. On the *very face* of this judgment it appears that the court had not obtained jurisdiction of the parties when judgment was rendered! *Can* such a judgment be enforced? When the judgments of courts of special and limited jurisdiction are assailed, the jurisdictional facts may be shown *alicende* the record, and the record and proceedings may be contradicted by any competent proof that the court did not have jurisdiction of the persons or the subject-matter. 4 Wait's Actions and Defenses 193. " Jurisdiction of the party defendant can be acquired only by notice to him or by his consent and voluntary appearance, and when there has been no valid notice or appearance the judgment is a nullity." 4 Wait's Actions and Defenses 196; 1 S. & M. 351; 53 Miss. 73; 54 Miss. 138. From these authorities it appears that the question of jurisdiction in this case is an open one, that a judgment without notice is void, and that a court of chancery will perpetually enjoin a void judgment.

2. As to the defective service, see *Ford* v. *Coleman,* 41 Miss. 651; *Bustamente* v. *Belcher & Co.,* 43 Miss. 172; *Robinson* v. *Miller,* 57 Miss. 237; *French* v. *State,* 53 Miss. 651.

3. The defendant, Emmett Fleming, was likewise now served with process, and the debt for which suit was brought was contracted by Emmett Fleming when a minor. These facts are shown beyond doubt by the evidence. In *Demoss* v. *Camp,* 5 H. (Miss.) 516; *Ayer* v. *Bailey,* Ib. 688; and *Graves* v. *Williams,* 2 S. & M. 286, it is held that if a judgment be erroneous as to one defendant, as for want of notice as to him, it is erroneous

as to all ; *it cannot be served.*   A judgment void as to one defendant is void as to all.   *Hall* v. *Williams,* 6 Pick. 232 ; *Heirman & Kahn* v. *Stricklin,* 60 Miss. 234; 4 Wait's Actions and Defenses 186.

*J. E. Madison,* for the appellees.

1. The return shows upon its face an execution of the process "by leaving a copy at their house of abode." This is *a defective service* of the process, one that shows an attempt on the part of the officer to execute the process.   When collaterally attacked, judgments based upon such returns are upheld.   See manuscript and unreported case of *Cash* v. *Phillips,* appealed from Noxubee Circuit Court, for decision in point.   Judgments upon *defective service* of process are good until reversed, and cannot be attacked collaterally.   *Parisot* v. *Green,* 46 Miss. 747 ; *Hooker* v. *Yale,* 56 Miss. 197–202 ; *Harrington* v. *Wofford,* 46 Miss. 31 ; *Christian* v. *O'Neal,* 46 Miss. 669 ; *Smith* v. *Bradley,* 6 S. & M. 485 ; *Campbell* v. *Hays,* 41 Miss. 561 ; *Work* v. *Harper,* 24 Miss. 517 ; and *Wall* v. *Wall,* 28 Miss. 409.   Only such judgments as are absolutely void can be attacked collaterally.

2. Counsel contended that there was no service of process, because the copy was left at Mrs. Gregory's (Hill's) when Lloyd Fleming's residence was the usual place of abode of Mrs. Easter Fleming.   This was the only question of fact that could be in issue in the case, and the Chancellor found it in favor of plaintiffs in judgment.   The judgment of a chancellor upon controverted facts is, according to the tenor of decided cases, analogous to the verdict of a jury, and, like such verdict, will not be disturbed unless opposed to the preponderance of evidence.   *Apple* v. *Ganon,* 47 Miss. 189 ; *Davis* v. *Richardson,* 45 Miss. 500 ; modified in *Partie* v. *Bedford,* 51 Miss. 90.

CHALMERS, J., delivered the opinion of the court.

We must consider the finding of the Chancellor as satisfactorily establishing these facts.   A single summons was issued from a justice's court to Easter Fleming and her son, Emmett Fleming, on a joint debt.   The constable made this return : "Executed this 11th day of December, 1882, by leaving a copy at their house of

abode." The copy was, in fact, handed to Mrs. Fleming. She attended the court on the day appointed. The justice being absent, the case was not tried. She did not attend the next regular term, at which, without further service, judgment by default was rendered against both defendants. She files this bill, seeking a cancellation of the judgment on the ground that in fact she did not owe the debt, and that by the service, no jurisdiction was acquired over her. It cannot be maintained. She knew of the rendition of the judgment against her, and appeared before the justice on the next day and tried to give a bond for supersedeas and appearance in the circuit court. The justice adjudged her sureties insufficient, and she took no steps to compel him to accept them or to induce them to justify. She took no steps by *certiorari* to test the correctness of his ruling as to the service upon herself of the writ, though she had six months within which to do so. It was not until after this time that she filed this bill to vacate the judgment, on the ground that she had not been served with process. The return on the process was equivocal, and the justice construed it as importing personal service on the complainant. It was competent for him so to do. The complainant had actual notice of the suit, and knew that the service had been so construed. Though she had abundant opportunity, she took no steps to correct it. We approve the finding and judgment.

*The decree is affirmed.*