Gum Carbo Co. v. New Orleans German Gazette.

[43 South., 82.]

Equity Practice. *Negligence. Judgment. Injunction.*
    Equity will not aid the negligent by enjoining the collection of
    an erroneous judgment at the instance of a defendant therein
    who failed to avail of a full, adequate, and complete legal rem-
    edy for its correction.

From the chancery court of Harrison county.
Hon. Thaddeus A. Wood, Chancellor.

The Gum Carbo Company, a corporation, the appellant, was the complainant in the court below, and the New Orleans German Gazette, a corporation, the appellee, and the sheriff of Harrison county were defendants there. From a decree sustaining a demurrer of the defendant corporation to complainant's bill and dismissing the bill complainant appealed to the supreme court.

The appellant, the Gum Carbo Company, sued out an injunction against the appellee, the New Orleans German Gazette, and against the sheriff of Harrison county, appellant's bill reciting that the appellee had a short while prior to the filing of the bill brought suit against appellant in the court of a justice of the peace of the county for $61, and obtained judgment for only $11.50, from which appellee, being dissatisfied with the small amount, had appealed to the circuit court; but afterwards when the case was called for trial in the circuit court discovering that through mistake of the justice of the peace judgment had been entered upon his justice's docket for the full amount of $61, the appellee had dismissed its appeal and subsequently had had execution issued to the sheriff of the county to satisfy the judgment as entered. Appellant's bill admitted indebtedness to the appellee in the sum of $11.50, which it offered forthwith to pay with all costs accrued; and prayed for injunction to restrain the sheriff from proceeding to make sale of certain lands of appellant to satisfy the aforesaid judgment for $61. The bill failed to show that any steps had at any time been taken by appellant at law to relieve himself from the erroneous judgment of the justice of the peace by appeal or otherwise. The appellee demurred to the bill, and filed a motion to dissolve the injunction which had been granted and for damages for the wrongful suing out of the injunction. The court sustained the demurrer and the motion, dismissed the appellant's bill, and allowed damages on appellant's injunction bond in the sum of $20, solicitors' fees.

*Brown & Owen,* for appellant.

There are two questions to be considered in this cause. The first is, whether any adequate remedy existed for appellant with reference to the incorrect judgment of the justice of the peace. We submit that, so far as we can ascertain, this question has never been passed upon by this court under circumstances similar to this, other and prior seemingly similar cases being

based upon judgments admittedly void *in toto.* It will be noted that the appellee as plaintiff was entitled to and was given a judgment before the justice of the peace for $11.50, the judgment being however erroneously written on the justice's docket for the full sum demanded, $61, and from such judgment the plaintiff appealed, not being satisfied with the judgment for $11.50. Now, the judgment for $11.50 was valid and binding upon appellant, since appellant did not take a cross appeal. But appellant was not legally due the balance of $49.50. Certainly appellant was without relief at law.

The second question presented is, to what cases will equity lend its aid to enjoin a judgment at law? It has been held that a judgment of a justice of the peace cannot be set aside by another judgment subsequently rendered by the justice of the peace. *Morris* v. *Shryrock,* 50 Miss., 590. Hence, as there is a remedy for every wrong, it is apparent that appellant was entitled in this cause to equitable relief. "A court of equity may interpose to grant relief where on account of some mistake of fact made by the judge or party to an action an inequitable judgment has been rendered." 12 Am. & Eng. Ency. Law (1st ed.), 144. See also *Brewer* v. *Jones,* 44 Ga., 71; *Ford* v. *Ford,* Walker (Mich.), 505; *Bothel* v. *Oodrick,* 34 Ia., 518; *Wilson* v. *Broughton,* 50 Mo., 17.

In the case of *Jeffrey* v. *Miltings,* 46 Conn., 602, it is held that "an injunction against the enforcement of a judgment at law may be allowed if a good defense is established against the entire claim upon which it is established, if the defense goes only to part of the claim." See also *Bowen* v. *Clark,* 46 Ind., 405, to the same effect.

As regards the right to equitable relief we further call the court's attention to the language of our state constitution, sec. 160, in reference to the court of chancery: "And in all cases where said court has heretofore exercised jurisdiction auxiliary to courts of common law, it may exercise such jurisdiction to

grant the relief sought, although the legal remedy may not have been exhausted.

We submit that the injunction should have been continued in force, and appellee's motion dissolved.

*John L. Heiss,* for appellee.

Whatever were the real facts as to the mistake of the justice of the peace in entering the judgment complained of, it must here be admitted that all facts well pleaded in the bill of complaint must be considered as true. And under such facts the appellant cannot be entitled to relief.

This is not a cause where the records of the court show that the judgment for $61 was void, or that any fraud was committed. The appellant had a plain, adequate, complete and appropriate remedy at law, of which it failed to take advantage. *Harper* v. *Barnett,* 16 South. Rep., 533; Black on Judgments, 307.

Under the decisions of this court the appellant under the circumstances will not be permitted to enter a court of equity to invoke a drastic remedy of injunction to correct the judgment or to correct it. *Ricks* v. *Richardson,* 70 Miss., 424, s.c., 11 South., 935; *Sturges* v. *Jackson,* 40 South. Rep., 547.

Even were the judgment for $61 void because of lack of proper service of process or because of fraud the chancery court would not perpetually enjoin the judgment, but would take full and final jurisdiction and dispose of the case on its merits so as to do full justice to all parties. *Newman* v. *Taylor,* 69 Miss., 670, s.c., 13 South., 831.

The appellant was guilty of negligence in not prosecuting an appeal from the judgment of the justice of the peace, hence cannot be heard in equity. *McRaney* v. *Coulter,* 39 Miss., 392; *Hiller* v. *Cotton,* 48 Miss., 593; *Fleming* v. *Nunn,* 61 Miss., 603.

Mayes, J., delivered the opinion of the court.

We can find no error in the chancellor's ruling sustain-

ing the demurrer, dissolving the injunction, and dismissing the bill filed in this case. There is nothing in the record which presents any ground for equitable relief. By the exercise of the most ordinary diligence appellant could have relieved itself from the error alleged to have been committed by the justice of the peace in entering the judgment. Its own negligence forms the only basis for its resort to the chancery court for relief, and, this being the case, it has no standing in a court of equity. Had it exercised proper diligence, the courts of law afforded it ample remedy. *McRaney* v. *Coulter,* 39 Miss., 392; *Bruner* v. *Planters' Bank,* 23 Miss., 406; *Hamilton* v. *Moore,* 32 Miss., 625; *Hiller & Co.* v. *Cotton,* 48 Miss., 593; *Fleming* v. *Nunn & Anderson,* 61 Miss., 603.

*Affirmed.*