## DIBERT *v.* DURHAM.

[77 South. 311, Division B.]

1. JUDGMENT. *Equitable Relief. Grounds. Defense not interposed.*

Where a corporation leased turpentine lands for two turpentine seasons; the lease providing that the lessee defendant should be reimbursed at a fixed rate per cup for any land included in the contract of which the lessor might deprive him of possession and the lessor corporation assigned the rent notes to its secretary and general manager, who was the owner of practically all of the capital stock of the lessor corporation and these notes on his death passed to his wife, who recovered judgment thereon. In such case since any breach of the lessor's agreement entitling the lessee to reimbursement occurred before judgment on the notes such judgment was conclusive, and execution thereon could not be enjoined, there being no evidence of fraud, accident or mistakes.

2. Same.

In such case since the agreement for reimbursement was by the corporation, and not by the secretary and general manager, the lessee though deprived of turpentine privileges on a part of the lands, had no cause of action against the widow of the secretary, for the only cause of action which could have been asserted against the manager if living was one sounding in tort, based on trespass and no such action was maintained against him in his lifetime or against his estate after his death.

3. Execution. *Injunction. Grounds.*

In such case where there was no fraud, accident or mistake in the execution of the written lease and no showing that the turpentine privileges were not worth the consideration agreed to be paid, the execution on a judgment on the rent notes in favor of the transferee will not be enjoined, because the lessee had a right of action for damages against the lessor, neither the lessor nor transferee being insolvent.

Appeal from the chancery court of Pearl River county. Hon. D. M. Russel, chancellor.

Bill by D. D. Durham against Mrs. Eva C. Butterworth Dibert. From a decree overruling demurrers to the bill, defendant appeals.

Appellee was complainant in the court below, and appellant, Mrs. Dibert, a nonresident of Mississippi and a resident of New Orleans, La., was the real defendant in interest. The bill seeks to enjoin an execution of a judgment held by Mrs. Dibert against appellee in the sum of approximately three thousand six hundred dollars. A temporary injunction was granted, and the nonresident defendant appeared and filed a general demurrer to the bill. The demurrer was overruled, and an appeal granted to settle the law of the case. The bill charges that appellee leased some pine timber for turpentine purposes from the White Cedar Pile & Pole Company, a corporation of Louisiana; that this nonresident corporation acted by and through its secretary and general manager, John Dibert, the husband of the defendant, Mrs. Eva C. Dibert; that John Dibert was the owner of practically all, if not all, of the capital stock

of the corporation; that the consideration for the turpentine lease was evidenced and paid by certain promissory notes executed by appellee, Durham, to his own order, one note for one thousand dollars due sixty days after February 17, 1912, its true date, the other for three thousand dollars, payable October 15, 1913, both bearing interest at six per cent. interest per annum; that after the execution and delivery of the said notes they became the individual property of John Dibert; and that John Dibert died leaving appellant, his widow, as his sole heir at law and as the sole owner of said notes. The contract between Durham and the White Cedar Pile & Pole Company, Limited, is evidenced by writing made an exhibit to the bill. It was executed February 17, 1912, in the city of New Orleans, and the notes given for the consideration were likewise dated and executed at New Orleans, La., and made payable in that state. The contract for the corporation was signed by John Dibert as secretary, and his authority to execute the lease is not questioned. The contract describes the timber leased, and contains certain provisions or alleged warranties upon which the complainant in this suit bases a claim for damages. It is provided that Durham shall have the turpentine privileges of section 8, township 3 south, range 16 west, for two turpentine seasons from the date of the contract, and that, if the lessor or any one at its instance entered upon said section for the purpose of cutting the timber thereon, only one forty acres at a time shall be cut, and that no entry shall be made upon any other portion of section 8 until said forty acres are entirely cut; that, if "any person having the right to cut the timber" enters upon the land for the purpose of cutting the said timber, he shall do so "under the restrictions above set forth, and when necessary or such person to enter upon said land under said restrictions, D. D. Durham shall receive three and one-half cents per cup for all cups that he shall be deprived of in the use of section 8 during two turpentine

seasons from the date of this act.'' There is a similar provision in reference to section 17 upon which Durham is given the turpentine privileges for three years with the guaranty that, if the lessor enters upon section 17 for the purpose of cutting timber, he shall do so ''after the close of the second turpentine season,'' and if an entry is made prior to the close of the second turpentine season, ''they shall reimburse D. D. Durham at the rate of two cents per cup for such land in section 17 of which he may be deprived of the use of.'' The total consideration of five thousand dollars was one thousand dollars cash and the balance by the two promissory notes mentioned. The bill and exhibits show that John Dibert died some time in the years 1912, and that a judgment by division D, civil district court of New Orleans, rendered July 12, 1912, by Porter Parker, Judge, placed ''Mrs. Eva C. Butterworth, widow of John Dibert,'' in possession as sole owner of all the property and effects, movable and immovable, of John Dibert, deceased, including the notes given for said turpentine lease. After the rendition of this decree, and on November 19, 1912, Mrs. Dibert, as the sole owner of said notes, exhibited her bill in the chancery court of Pearl River county to recover a judgment upon the notes and to enforce a vendor's lien upon the turpentine lease and rights granted the defendant, Durham. To this bill of complaint Durham made no defense, and a decree *pro confesso* and final decree based thereon were taken against the defendant. After the filing of this bill by Mrs. Dibert, Durham paid one thousand dollars, the amount of the first note, and entered into some kind of an arrangement with the complainant whereby he executed a bond in lieu of a receiver and was permitted to proceed with the working of his turpentine orchards and to remove the products. The condition of this bond was that, if the court should adjudge the defendant indebted to Mrs. Dibert upon the second note for three thousand

dollars, Durham would then pay the said note, with interest and costs. The final decree adjudged the defendant indebted to Mrs. Dibert in the full sum of the three thousand dollar note, and from this final decree Durham appealed to the supreme court. The present bill exhibited by appellee, Durham, refers to this original suit No. 681 in the lower court, No. 17718 in the supreme court, affirmed in 70 So. 839, and incorporates the pleadings and exhibits of the first suit as a part of the original bill for writ of injunction in the present suit. After cause No. 681 was affirmed by the supreme court, mandate was issued and an execution thereon was issued and placed in the hands of the sheriff of Pearl River county, who was proceeding to levy upon the property of the defendant, Durham, and his sureties when the present bill for injunction was filed. The only defendants to the present suit are the sheriff of Pearl River county and Mrs. Eva C. Butterworth Dibert, appellant herein. The bill here under review charges that the lessor, White Cedar Pile & Pole Company, entered upon the timber leased to appellee before the termination of his lease, and destroyed many of the boxes, and wrongfully took away from appellee his turpentine rights and privileges, and that this was done under the direction of John Dibert. The prayer of the bill is that execution of the final decree held by Mrs. Dibert against appellee be enjoined and stayed, that the court award damages for breach of the covenants contained in the written lease, and that the amount of these damages be offset against the consideration for the lease as evidenced by said notes and the judgment sought to be enjoined. There are various grounds of demurrer, a detailed statement of which is unnecessary.

*J. M. Shivers,* for appellant.

*Hannah & Foote,* for appellee.

STEVENS, J., delivered the opinion of the court.

(After stating the facts as above.) The bill in this case cannot be maintained. No assault is made upon the final decree recovered by Mrs. Dibert against appellee in the chancery court of Pearl River county and duly affirmed by the supreme court *Durham* v. *Dibert,* 70 So. 839. By the terms of that decree appellant was permitted to recover upon the last note of three thousand dollars and this decree operates as a monetary judgment, and its integrity cannot now be questioned. This final decree in the first suit adjudicated liability to Mrs. Dibert in the sum shown by the execution sought to be enjoined. There is here no showing of fraud, accident, or mistake in the rendition of the judgment here attempted to be enjoined. Relief against the judgment itself is really not prayed for. The bill of complaint admits, and is bound to admit, liability for the full amount of the judgment rendered in the former suit, but the payment of this judgment is asked to be delayed until appellee as complainant litigates with and fixes liability against appellant upon his alleged cross-action for damages. This is an effort not only to delay the execution of a solemn judgment, but to satisfy this judgment by an unliquidated demand for damages. In the enforcement of his alleged claim for damages growing out of the breach of the written lease, complainant has not been diligent, and the bill would appear to come within the ruling of this court in *Gum Carbo Co.* v. *New Orleans German Gazette,* 90 Miss. 177, 43 So. 82. Whatever claim appellee has now he possessed when Mrs. Dibert filed her suit against him. There is no charge of fraud in the transfer or assignment of the notes. It is affirmatively shown that appellant is the rightful owner of the three thousand dollar note and her right to collect upon this note has never been challenged. See *Smedes* v. *Ilsley,* 68 Miss. 590, 10 So. 75.

But there is a still further and perhaps a more fatal objection to the bill. No contractual relationship exists between complainant and Mrs. Dibert or her deceased

husband, John Dibert. John Dibert is not the lessor of
the turpentine privileges, and is not a party to the coven-
ants contained in the written lease. There is room for the
contention that the lease contemplated the cutting of the
timber by the lessor, its agents or assignees, and, with
this in view, that the lease provided for liquidated dam-
ages. The bill in fact sues to recover the three and one-
half cents per cup for each cup alleged to have been de-
stroyed on section 8, and two cents per cup for each cup
alleged to have been destroyed on section 17, and in ad-
dition thereto claims other damages. But the obligation
to pay the agreed value per cup was the obligation of the
White Cedar Pile & Pole Company, a corporation, and
was and is in no sense the obligation of John Dibert, the
manager or agent of the corporation. The only possible
recovery against John Dibert, if he were living, would be
founded in tort, based upon trespass properly alleged.
No action of this kind was filed against John Dibert in
his lifetime, and no liability of this kind has been fixed
against his personal representative or his estate. In our
judgment, then, the bill does not state a case against
Mrs. Dibert, the widow. This aside from the contention
that appellee could not have the enforcement of the judg-
ment stayed until his damages were fixed and properly
adjudicated by the court. There is no charge that either
the corporation or Mrs. Dibert is insolvent. There was no
fraud, accident, or mistake in the execution of the written
lease, and no showing that the turpentine privileges were
not worth the consideration agreed to be paid. More
than this, the notes sued on in the first suit were executed
by appellee payable to his own order, dated and made
payable in Louisiana, and never came within the terms of
our anti-commercial statute.

In our judgment, the bill of complaint does not state
a case. The decree of the learned chancellor will be
reversed, the demurrer sustained, and the cause re-
manded.

*Reversed, demurrer sustained, and cause remanded.*