# Security Finance Co. v. Sharpe.*

(Division A.   Jan. 14, 1929.)

[119 So. 829.   No. 27415.]

*Corpus Juris-Cyc References: Bills and Notes, 8CJ, section 153, p. 92, n. 63; section 1376, p. 1062, n. 63; p. 1063, n. 64; Law of place where instrument payable as binding on maker of note, see annotation in 61 L. R. A. 205, 209; 5 R. C. L. 964; 4 R. C. L. Supp. 366; 3 R. C. L. 842; 1 R. C. L. Supp. 898.

*G. H. McMorrough,* for appellant.

*Boothe & Pepper,* for appellee.

Cook, J. The appellant, the Security Finance Company, filed its suit in the circuit court of Holmes county against the appellee on six promissory notes, five of which were for fifty-five dollars each, and the other for thirty dollars. Upon the evidence offered at the trial, the court submitted to the jury the question of appellee's liability on the notes; and, from a verdict and judgment in favor of appellee, the appellant prosecuted this ap-

peal, and assigns as error the refusal of the court below to grant a peremptory instruction to the jury to return a verdict in its favor for the amount of said notes, with interest and attorney's fees.

The notes sued on were payable to the order of the Brenard Manufacturing Company at Iowa City, Iowa, and were transferred to the appellant, the original notes as filed in said cause bearing the indorsement, "Security Finance Co. or order. Brenard Mfg. Co., per J. L. Records."

The appellee defended on the ground that the notes were procured from him by false and fraudulent representations on the part of the Brenard Manufacturing Company; that the alleged transfer of the notes to the appellant was fraudulent and made for the purpose of preventing the appellee from pleading a failure of consideration; and that the appellant was not a *bona-fide* holder for value of said notes. To meet that defense, appellant contended that it purchased the notes from the payee, the Brenard Manufacturing Company, for value, before maturity, and without notice of any defense appellee had against the payee in the notes.

The evidence showed without conflict that the appellant was engaged in the business of dealing in real estate, writing insurance, and buying and selling commercial paper; that, extending over a period of years, it had purchased a great number of such promissory notes from the Brenard Manufacturing Company, amounting in the aggregate to some ten thousand or twelve thousand dollars worth per month; that some of these notes had been contested in the courts of this state; that the notes involved in this suit were purchased, along with a large number of similar notes, from the Brenard Manufacturing Company on the 30th day of November, 1925; that the notes purchased on that day were of the face value of seven thousand one hundred four dollars and thirty-nine cents, for which the sum of six thousand

three hundred dollars was paid by appellant's check for that sum drawn on the First National Bank of Iowa City, Iowa, the canceled check being offered as an exhibit to, and a part of, the evidence; that the said notes were purchased in the regular course of business for a valuable consideration, without notice of infirmity, or knowledge of any misunderstandings, disagreements, or controversies between the maker of the notes and the payee, and without notice or knowledge that said notes had been procured by the Brenard Manufacturing Company by false and fraudulent representations, if it be a fact that they were so procured.

The deposition of the president and general manager of appellant was taken and offered in evidence, and, on cross-examination, this witness was asked to file a full and complete statement and account from the books of the company, showing all transactions of purchase and sale of notes and collection thereof, and the redemption of unpaid notes, between the Security Finance Company and the Brenard Manufacturing Company, from October, 1925, to March, 1928, the date of the taking of the deposition, and the witness declined to file such statement and information.

The appellee, defendant in the court below, offered evidence tending to establish the fact that the notes were procured by the Brenard Manufacturing Company by false and fraudulent representations; and, upon this evidence, the court submitted to the jury the decision of the question as to whether or not the appellant was a *bonafide* holder in due course of such notes. The contract between the appellant and the Brenard Manufacturing Company for the purchase of certain radios and radio equipment and an agency for the sale of such merchandise, which was offered in evidence, was consummated upon its approval at the office of the said Brenard Manufacturing Company, at Iowa City, Iowa, and the notes executed by the appellee were payable at Iowa City,

Iowa; and, therefore, these notes are Iowa contracts, and are governed by the laws of that state; and the appellee contends that, under the decisions of the supreme court of the state of Iowa, the court below committed no error in refusing the appellant a peremptory instruction and submitting to the jury the question of whether or not it was a *bona-fide* holder for value of the notes sued on.

The notes were negotiable under the Negotiable Instruments Law, which is in force in the state of Iowa (Code 1927, sections 9461-9660), as well as this state (Hemingway's Code 1927, sections 2739-2950), and there does not appear to be any material difference in the legal principles applicable under the decisions of the supreme courts of these states. Applying, however, the principles so clearly and fully announced in the case of *Arnd* v. *Aylesworth*, 145 Iowa, 185, 123 N. W. 1000, 29 L. R. A. (N. S.) 638: That (1) to constitute notice of infirmity in a note, or of defect in the title of the person negotiating it, the purchaser must have had actual knowledge thereof, or knowledge of such facts that his act in taking it amounts to bad faith; (2) "the purchaser of a note secured from the maker by fraud has the burden of showing his good faith in the transaction, and whether he has done this, except where the testimony is not only consistent therewith, but such that fair-minded persons could draw no other conclusions, is for the jury;" and (3) "uncontroverted evidence in favor of the *bona fides* of the purchaser of a note procured from the maker by fraud is not sufficient to authorize a directed verdict for the holder, in an action upon the note, if the inferences to be drawn from all the circumstances are open to different conclusions by reasonable men"—we do not think this record presents any question for the decision of the jury.

In addition to the fact that there was evidence tending to establish that the notes were procured from the maker by fraud, the appellee relies upon two facts, or circumstances, as being sufficient to warrant the jury in draw-

ing an inference contrary to the uncontroverted evidence in favor of the good faith of the purchase of these notes. The first of these circumstances is that the purported copies of the notes which were made exhibits to the declaration, as filed in the circuit court, bear the indorsement, "Pay Security Finance Co. or order. Brenard Mfg. Co. per J. L. Records," while the original notes, when offered in evidence, were indorsed, "Security Finance Co. or order. Brenard Mfg. Co. per J. L. Records." There is nothing in this circumstance to warrant an inference of bad faith. The indorsement on the original notes is controlling. There is nothing in the evidence to show, or tending to show, any alteration or change in the indorsement on these original notes; and the fact that the alleged copies that were prepared to be filed as exhibits to the declaration in the circuit court contained a word which does not appear on the originals is not sufficient evidence of bad faith to take the question to a jury.

The second circumstance, from which appellee contends that an inference of bad faith may be drawn, is the fact that the president of the appellant company refused to file a full and complete statement and account from its books, showing all transactions of purchase and sale of notes and collections thereof, and the redemption of unpaid notes, between the Security Finance Company and the Brenard Manufacturing Company, from the month of October, 1925, to March, 1928, the date the deposition of this witness was taken. We think this question was entirely too broad, and called for information which had no bearing upon the question involved and which the appellee was not entitled to demand; and, since the witness was within his rights in refusing to furnish the information called for, his refusal to do so cannot aid appellee's cause.

It follows from the views herein expressed that the court below should have granted the peremptory instruc-

tion asked for; and therefore, the judgment will be reversed, and judgment entered here for the amount sued.

*Reversed, and judgment here.*