STEVENS *v.* STANLEY.

(Division B.   June 10, 1929.)

[122 So. 755.   No. 27821.]

For former opinion, see 121 So. 814, 153 Miss. 809.

*Loving & Loving,* of Columbus, for appellant.

*Frierson & Weaver* and *Lincoln & Lincoln,* of Columbus, for appellee.

GRIFFITH, J., delivered the opinion of the court on suggestion of error.

It is earnestly urged, in an able and persuasive brief on the suggestion of error, that, if we had applied the law of Iowa to the facts in this case, the result must have been an affirmance. So doing, and comparing the facts with those in *Security Finance Co.* v. *Sharpe*, 119 So. 829, recently decided by Division A, wherein the law of Iowa was applied and making a careful review of the transcribed records in both these cases, we find that substantially every point made in this case was urged in that case, and that the controlling facts in that case are so similar to this that, in point of applicability of law, the two cases are not to be distinguished. The material facts from which it is insisted in this case that the jury could infer a want of *bona fides* in the purchaser of the notes sued on were as strongly present in the Sharpe case, and in some respects more so; for in that case the plaintiff declined to answer certain questions from which inferences adverse to *bona fides* might be drawn, whereas, no such feature is present in this case. We apply the substantive law of Iowa, but as to the adjective law we look alone to our own principles and rules of procedure. If, as we understand it to be contended by appellee, it is a rule of procedure in Iowa that the jury may disbelieve the most positive evidence, although it stands uncontradicted, we say there is no such rule in Mississippi, but our rule is that the jury, as well as the judge, is bound by uncontradicted, reasonable testimony, although, of

course, oral testimony not otherwise contradicted, may be opposed by physical facts or by the facts of common knowledge. The testimony of the appellant and his witnesses in this case is not contradicted by countervailing direct testimony, nor by physical facts, nor by facts of universal, common knowledge. It is true, as contended, that there are certain facts in this case from which an inference of the want of *bona fides* is sought to be drawn, and it is true that, when a reasonable and well-founded inference of a want of *bona fides* may be drawn, that is a case for the jury and not for the court. But it is the duty of the court to guard the line between solidly substantiated direct inferences and those other conclusions which are not of this character, but are conjectures or suspicions, or else are inferences based solely upon other inferences. A firm adherence to established and dependable, general rules of evidence in respect to defenses against commercial paper is essential, else a depreciation of credit would inevitably follow to the detriment of the great body of our people; and the court is not to be the less cautious in this respect merely because there may be an occasion, now and then, when some person, for want of the proper *quantum* of legal proof, may be imposed upon by fraud—the possibilities of which every man knows when he signs negotiable notes and puts them deliberately into circulation. After a most anxious and mature reconsideration of this case, and every feature of it, we are constrained to the conclusion that the inferences of the want of *bona fides* are not sufficiently cogent to form the basis of an adverse judgment.

*Overruled.*