513 So.2d 595 (1987)
REEVES ROYALTY CO., LTD., and D. Preston Reeves
v.
ANB PUMP TRUCK SERVICE.
No. 56972.
Supreme Court of Mississippi.
September 30, 1987.
*596 Michael E. Earwood, Jackson, for appellants.
B. Ruth Johnson, Sullivan & Sullivan, Jackson, for appellee.
Before HAWKINS, P.J., and PRATHER and ROBERTSON, JJ.
HAWKINS, Presiding Justice, for the Court:
Reeves Royalty Company, Limited (Reeves Limited) and Preston Reeves (Reeves) appeal from a Hinds County Circuit Court ruling that denied their motion for vacation of default judgment under Mississippi Rules of Civil Procedure (MRCP) 60(b)(1). Default judgment was rendered against Reeves and in favor of ANB Pump Truck Service (ANB) in the 78th District Court of Wichita County, Texas. ANB then sought to have the foreign judgment enforced in Mississippi. At the hearing to vacate the judgment, Reeves put on uncontradicted evidence that the president of ANB had agreed to take no further action against Reeves, and, therefore, Reeves withdrew from its defense of the Texas case.
The circuit judge held that Reeves had not met his burden of clear and convincing evidence to show sufficient fraud to vacate the judgment. The lower court also held Reeves did not show a meritorious defense to the cause of action in the Texas proceeding. Finding the trial judge in error, we reverse.

FACTS
On July 26, 1984, ANB Pump Truck Service (ANB) secured a default judgment in the district court of Wichita County, Texas, against Federal Production and Drilling Corporation (Federal Production), Reeves Royalty Company, Ltd., and D. Preston Reeves for $5,154.12, together with prejudgment interest from September 1, 1982, to July 26, 1984, at 9% per annum interest, and also attorney fees of $3,000. Additionally, the judgment provided it was to bear interest at 10.92% from and after July 26, 1984.
Acting under the Uniform Enforcement of Foreign Judgments Act, Miss. Code Ann. §§ 11-7-301, et seq. (1986 Supp.), ANB on July 3, 1985, filed with the Hinds County circuit clerk the statutory affidavit and a duly authenticated copy of this judgment, in compliance with Miss. Code Ann. §§ 11-7-303,  305 (1986 Supp.).
On July 19 Reeves Royalty and Reeves individually (Reeves) filed a lengthy motion to vacate and set aside the judgment. The basis of this motion was that these defendants did not owe ANB anything, and never had, and that the indebtedness, if any, was due by Federal Production; and further, that on or about March 11, 1983, ANB had informed Reeves it recognized Reeves owed it nothing, and no further action would be taken to proceed against Reeves. The motion alleged that because of this representation Reeves did not defend the Texas suit. Reeves also charged fraud in procurement of the judgment. No claim was made that the Texas court lacked jurisdiction of Reeves.
The matter came on for hearing before the circuit court of the First Judicial District of Hinds County on September 6, 1985. Only David Preston Reeves, the individual defendant, testified. He was the agent and representative of Reeves Royalty, a limited partnership, in its Texas operations.
Reeves testified Federal Production contacted him about selling an interest to the limited partnership in some non-producing oil wells in Texas under lease to Federal Production, with the view that the limited partnership would re-work the wells, and if they produced, would own a thirty percent interest of the production. An agreement was then entered into between these two entities.
Reeves learned there were several creditors, among them ANB. Fearing a lien might be impressed halting re-working of the wells, Reeves contacted the creditors and told them if production was obtained, Federal Production would start a pay-back program to them. He testified that he told them the limited partnership would not be responsible on its own for payment of the debt.
On February 9, 1982, Reeves wrote the following letter to the creditors:
Dear Sirs:
This letter is concerning the W.P. Rogers lease with Reeves Royalty Company, through D. Preston Reeves acting as agent in conjunction with Federal Production and Drilling Corp. [sic] Enclosed is a copy of the contract we currently have binding.

*597 In order for us to proceed as planned in and through this agreement we must have your consent, by letter, to withhold filing any liens or judgments of any form. At such time as indicated above (August 1, 1982) a pay back program will be initiated to begin substantial payments to your company.
s/D. Preston Reeves
Lee Quick, president of ANB, replied by letter to Reeves individually on February 12, the body of which reads:
As you request in your letter of February 9, 1982, concerning the above matter, the undersigned herewith agrees to withhold filing any liens or judgment of any form against Federal Production and Drilling Corporation until August 1, 1982. Such agreement is in consideration of your agreement to commence as of August 1, 1982 making substantial (i.e. at least in the amount of $800 per month) payments on the account involved monthly. Such account, it is agreed as part of this overall agreement, is $5,271.63, plus interest thereon at the rate of 15% per annum from February 1, 1982, until paid.
Unless we hear from you to the contrary within 10 days from the date of this letter, we will assume that you have accepted the terms of this letter, such being in response to your letter of February 9, 1982.
Reeves testified that following this letter he told Quick that he would not be personally responsible for payment of the debt, and at Quick's suggestion also told ANB's attorney.
There was some production on the wells, but Federal Production and Reeves had a disagreement, and Reeves "got out of the deal."
Thereafter, ANB filed the Texas suit, and Reeves employed Jay Cantrell, a Wichita Falls attorney, to represent him and the limited partnership. There was an answer filed on their behalf in this case.
Reeves further testified he went to Texas to give his deposition in the case, and following the deposition Quick approached him. Reeves testified as follows:
Q. And this is the president of ANB Pump Truck Company?
A. Correct. He is the president of ANB Pump Truck Service. He approached me and told me that all they were doing was trying to see what my capacity was with Federal Production and Drilling Corporation and that after this point in time that I had no problem there; that they would not continue to try to sue me or collect any of this debt from me. He knew that it was all before I was involved and I was not responsible for this debt in any way, form or fashion.
Q. So he made that acknowledgement and representation to you?
A. He told me that specifically.
Q. And based or the statement that Mr. Lee Quick made to you regarding his intentions as to the Texas lawsuit, what did you do at that point, Mr. Reeves?
A. At that point in time, while I was there in Wichita Falls, I told Mr. Jay Cantrell, my attorney, that I no longer was in need of his services and at that point I believe he resigned as my attorney through the court there.
Q. Was this done in reliance upon the statements and representations that Mr. Quick made to you?
A. It was.
Q. After you discharged your Texas attorney, were you represented here in Mississippi by another attorney to advise you in these matters?
A. I was not, unfortunately, until I employed you.
(R. 30-31)
Following hearing, the circuit judge in a well-reasoned opinion first found the Texas judgment was recorded pursuant to Miss. Code Ann. §§ 11-7-301, et seq., and that the defendants had filed a motion to vacate under Rule 60(b)(1) of the MRCP, alleging fraud in procuring the judgment. He then addressed the question of timeliness in filing the motion to vacate, and found the six-month time limitation within which to move to vacate a foreign judgment allegedly procured by fraud as in this case did not begin until the defendants had notice of the filing of the judgment with the circuit clerk of Hinds County. He further observed that ordinarily a Rule 60(b) motion should be addressed to the court which entered it, but this could be a "practical *598 impossibility" in a case of a judgment procured by extrinsic fraud.
The circuit judge further found that a Rule 60(b)(1) motion was an appropriate method of seeking relief from an enrolled foreign judgment under the Uniform Enforcement of Foreign Judgments Act, citing Phares v. Nutter, 125 Ariz. 291, 609 P.2d 561 (1980). Finally, he addressed the key question of whether the defendants had shown ground for relief under their motion and concluded they had not. The court recognized Reeves's testimony was uncontradicted:
[B]ut in light of the fact that Reeves had retained Texas counsel and had filed an answer that neither Reeves nor Texas counsel procured or attempted to procure anything in writing from ANB to the effect that ANB did not look to Reeves for payment, this court is not convinced that any representations made by Quick were sufficiently fraudulent to prevent Reeves from presenting a defense. Moreover although testimony at the hearing regarding the merits was [sic] curtailed, documentary evidence adduced indicates that Reeves does not have a meritorious defense. The court finds that Reeves's testimony falls short of verifying either fraud or a meritorious defense sufficiently to vacate this judgment on grounds of fraud.
Reeves and Reeves, Limited, have appealed, assigning the circuit judge erred in not finding there was insufficient evidence of fraud in procuring the default judgment, and that the defendants had failed to show a meritorious defense. No cross-appeal was filed by ANB as to any ruling made by the circuit judge.

LAW
Our courts must give full faith and credit to the final judgments of all other states and the Federal courts under Article 4, Section 1 of the United States Constitution, in which the court of that state had lawful authority to enter the judgment. That is, if the court had the authority to hear the subject matter embraced by the case and had lawful process upon the defendant, i.e., process comporting with the requirements of that state's laws and the United States Constitution, the judgment is entitled to enforcement in this state. Temtex Products, Inc. v. Brock, 433 So.2d 942 (Miss. 1983); Hinds v. Primeaux, 367 So.2d 925 (Miss. 1979).
One qualification to this rule, however, recognized by courts of all states, is that if the foreign judgment itself was obtained as a result of some false representation without which the judgment would not have been rendered, and of such nature that the court of that state would relieve the judgment debtor from its effect, a court of this state may refuse to enforce it. This was the law in this state prior to adoption of the Uniform Enforcement of Judgments Act and the Act was not intended to alter this rule. Fletcher v. Rapp, 1 S & M 374 (1843).
In Britton v. Gannon, 285 P.2d 407 (Okla. 1955), 55 A.L.R.2d 667, the Oklahoma Supreme Court addressed a defense to a foreign judgment similar to that raised by Reeves. Gannon had filed suit in Illinois to regain some oil drilling equipment previously sold at foreclosure when Britton and Gannon's brother owned it. Britton was made a party to the suit, and was told by Gannon that while he (Britton) was a necessary party, no judgment would be taken against him. Relying upon this assurance, Britton made no defense to the suit, even though he was personally under process. Gannon secured a judgment against Britton in the Illinois state court, and thereafter sued Britton on the judgment in a state court of Oklahoma. Britton defended on the basis of the false representations made to him by Gannon, but the trial court refused to permit him to offer evidence in support of this defense, on the ground such defense was not permitted under Article 4, Section 1 of the United States Constitution. The Oklahoma Supreme Court reversed:
The general rule is that a state court is not required to recognize the judgment of a court of another state, territory, or country subject to the jurisdiction of the United States, where the court rendering the judgment was without jurisdiction or judgment was obtained by extrinsic fraud. Stephens v. Thomasson, 63 Ariz 187, 160 P2d 383, and cases therein cited. Whatever plea would be good in the state in which the judgment was rendered may be pleaded in suit on the judgment in any other court in the United States. Ibid. Extrinsic fraud has been defined as any fraudulent conduct of the successful party which was practiced outside of an actual adversary trial directly and affirmatively *599 on the defeated party whereby he was prevented from presenting fully and fairly his side of the cause. .. .
55 A.L.R.2d at 672.
The court further held:
Regardless of the reason assigned for the rule, the weight of authority is overwhelming that a defense of extrinsic fraud of the nature here sought to be pleaded and proved may be interposed in a suit on a foreign judgment, not for the purpose of reviewing, setting aside, modifying, or annulling the judgment of the sister state, but to prevent its enforcement in the collateral court... .
55 A.L.R.2d at 672; also Lee v. Carroll, 146 So.2d 242 (La. App. 1962).
It is not fraud involving the merits of the case which may be thus attacked, but a fraud that enables a party to procure a judgment he otherwise would not have obtained which is subject to such an attack. See: Smedes v. Ilsey, 68 Miss. 590, 10 So. 75 (1891). This is the important distinction.
See 55 A.L.R.2d 680 and cases cited.
Reeves's testimony was uncontradicted, and ANB had ample opportunity to dispute by competent evidence his version of what occurred in Texas. Undisputed testimony, which is not so unreasonable as to be unbelievable, must be taken as truth. Edwards v. Mid-State Paving Co., 300 So.2d 794 (Miss. 1974); Fisher v. Daniels, 252 Miss. 662, 173 So.2d 908 (1965); Shivers v. Biloxi-Gulfport Daily Herald, 236 Miss. 303, 110 So.2d 359 (1959); Lucedale Veneer Co. v. Rogers, 211 Miss. 613, 53 So.2d 69 (1951); Stevens v. Stanley, 153 Miss. 809, 154 Miss. 627, 122 So. 755 (1929). While the circuit judge's skepticism of Reeves's testimony is understandable, it was not so clearly lacking in trustworthiness to authorize its rejection. The circuit judge as a trier of fact, and this Court, must accept it as true.
We therefore conclude that the default judgment in Texas was procured, as Reeves testified, as a result of the misrepresentation made to him by Quick.
We also find that Reeves made a sufficient showing that he has a meritorious defense. The ambiguity in the correspondence between ANB and Reeves, coupled with Reeves's testimony that he told Quick that his company would not be individually responsible for Federal Production's debt, satisfies this requirement. See: Bryant, Inc. v. Walters, 493 So.2d 933 (Miss. 1986); Beshear v. Weinzpfel, 474 F.2d 127, 132 (7th Cir.1973); Rule 60(b)(1) Mississippi Rules of Civil Procedure (MRCP). Our holding that Reeves made a sufficient showing of a meritorious defense to satisfy a Rule 60(b)(1) requirement, and authorize relief from the judgment is no intimation of what the Texas court should, or will in fact determine at a hearing of this cause on the merits as to any of the defenses of the defendants to this action. It will, of course, be the prerogative of the Texas court to determine under Texas law if Reeves and Reeves Limited present meritorious defenses to this action.
Our final inquiry insofar as determining whether Reeves and Reeves Limited are entitled to relief from this judgment, is whether the Texas court, had the same facts been presented to it, under Texas law, would have set aside the default judgment. Our examination of Texas authority leads us to answer this question in the affirmative. See: Transworld Financial Services v. Briscoe, 722 S.W.2d 407 (Tex. 1987); Fender v. Delta Mud & Drilling Co., 697 S.W.2d 655 (Tex. Ct. App. 1985); Bondeson v. Pepsico, Inc., 573 S.W.2d 842 (Tex.Civ. App. 1978); Walker v. Robinson, 683 S.W.2d 875 (Tex.Civ.App. 1984); Kuper v. Kuper, 336 S.W.2d 819 (Tex.Civ.App. 1960); Crouch v. McGaw, 134 Tex. 633, 138 S.W.2d 94 (1940).
State courts have the most solemn obligation to accord full faith and credit to the judicial proceedings of sister states. Reeves and Reeves Limited are not entitled to be placed in any better position in the Texas court action than they would have been if the representation had not been made by Quick. ANB is manifestly entitled to have its case against Reeves and Reeves Limited heard in the Texas court. Reeves and Reeves Limited's ground for relief is basically equitable in nature, and an equitable relief should be fashioned for all parties.
We therefore remand this case to the circuit court of the 1st Judicial District of Hinds County. Provided Reeves and Reeves Limited within sixty days from date of this Court's mandate join in a joint petition or motion with ANB to the District Court of Wichita County, Texas, to set aside the default judgment against Reeves and Reeves Limited, and Reeves and *600 Reeves Limited also execute a waiver of all further process, and enter their appearance in that court for all purposes for a trial of the action on the merits, and furnish the circuit court of the 1st Judicial District of Hinds County with satisfactory evidence thereof, all enforcement of the Texas judgment in Mississippi will be stayed. If Reeves and Reeves Limited fail in any manner to fully comply with this requirement, the Texas judgment should be enforced as any other foreign judgment duly enrolled in this state.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
WALKER, C.J., ROY NOBLE LEE, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.