# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-CA-00471-SCT

*GLOBAL OCEANIC ENTERPRISES, INC. AND*
*RICHARD COPPOLA*

*v.*

*WAYNE HYNUM*

| | |
|---|---|
| DATE OF JUDGMENT: | 1/15/2002 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | O. STEPHEN MONTAGNET, III |
| ATTORNEYS FOR APPELLEE: | WAYNE HYNUM |
| | ALLEN LAMAR BURRELL |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 08/14/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**COBB, JUSTICE, FOR THE COURT:**

¶1.     On June 3, 1999, Global Oceanic Enterprises, Inc. and Richard Coppola (collectively Global) enrolled a Pennsylvania judgment against attorney Wayne Hynum (Hynum) with the Forrest County Circuit Clerk. The Pennsylvania judgment was the result of a fee dispute between Hynum and Global. Hynum objected to the enrollment, claiming Pennsylvania did not have jurisdiction over him. Global filed a response and moved for summary judgment; Hynum also filed a motion for summary judgment. Both parties' motions for summary judgment were heard before Special Judge Lamar Pickard, and on

September 5, 2001, he entered an order finding in favor of Hynum. Subsequently, Global's motion to reconsider was denied, and Global timely appealed.

## FACTS

¶2. Global is a Pennsylvania corporation. Hynum is an attorney in Hattiesburg, Mississippi. In 1992, Richard Coppola, the president and sole owner of Global, hired Hynum to represent Global in a lawsuit that was pending in the Forrest County Chancery Court. After the litigation ended in 1994, a fee dispute arose between Global and Hynum. On July 15, 1996, Global filed a complaint for breach of contract against Hynum in the Bucks County, Pennsylvania, Court of Common Pleas, alleging that Hynum improperly retained a substantial portion of settlement proceeds that should have been returned to Global.

¶3. Hynum obtained Pennsylvania counsel and entered a special appearance by filing a preliminary objection to Global's complaint, in the nature of objection to the jurisdiction of the Pennsylvania court on August 5, 1996. Global filed its response to Hynum's objection on August 14, 1996. Hynum allowed his deposition to be taken on February 5, 1997, and produced documents in response to discovery requests concerning the issue of jurisdiction. On April 22, 1997, Hynum's counsel filed a response to Global's memorandum in opposition, in which he asserted that Hynum did not have sufficient minimum contacts with Pennsylvania to make him subject to the jurisdiction of Pennsylvania courts. Following the formal briefing of the jurisdictional arguments, the Pennsylvania judge heard oral argument in her chambers on July 1, 1997. Hynum's attorney was present appearing on Hynum's behalf, and during the course of the proceedings, the judge invited the parties to supplement their previous memoranda. That same day, Global's counsel submitted a letter to the judge supplementing its argument, stating that Hynum had sufficient minimal contacts to meet jurisdictional requirements and also stating that because Hynum made

2

no showing of compelling circumstances which would render the exercise of jurisdiction unreasonable, Global had met its burden of proof. Hynum responded by submitting a letter to the judge on September 3, 1997, contesting: the accuracy of Global's letter regarding the locus of execution of a fee agreement; the locus of payments made; the allegation that Hynum traveled to Pennsylvania to meet with Global; and the allegation that he traveled to Pennsylvania in order to enter into a contract with Pennsylvania citizens.

¶4. After considering the parties' jurisdictional arguments, the Pennsylvania judge entered an order on October 14, 1997, denying and dismissing Hynum's objection to jurisdiction. The order also stated Hynum had twenty days to answer Global's complaint. Hynum declined to further defend the Pennsylvania action and also failed to perfect any appeal of the court's ruling within the Pennsylvania court system. Consequently, a default judgment was entered in favor of Global on July 16, 1998.

¶5. After the Pennsylvania judgment was enrolled in Forrest County, Hynum filed a motion objecting to the judgment and asking that it be stricken from the judgment roll, making the same arguments as he previously made in objection to the jurisdiction of Pennsylvania. Both Global and Hynum filed motions for summary judgment. Following the trial court's granting of Hynum's motion and denial of Global's motion to reconsider, Global now appeals citing the following two issues for this Court's consideration:

## ISSUES

I. **WHETHER THE TRIAL COURT ERRED IN PERMITTING RELITIGATION OF JURISDICTIONAL FACTS FULLY LITIGATED IN A COURT OF FOREIGN JURISDICTION.**

II. **WHETHER THE TRIAL COURT ERRED IN REFUSING TO AFFORD "FULL FAITH AND CREDIT" TO A FOREIGN JUDGMENT.**

¶6. Because we conclude that the Forrest County Circuit Court erred in its grant of summary judgment in favor of Hynum, we reverse and remand to that court for re-enrollment of the Pennsylvania judgment.

## STANDARD OF REVIEW

¶7. This Court employs a de novo standard of review on appeal from a summary judgment. *Jenkins v. Ohio Cas. Ins. Co.*, 794 So.2d 228, 232 (Miss. 2001); *Russell v. Orr*, 700 So.2d 619, 622 (Miss. 1997).

¶8. The circuit court's decision to decline application of the doctrine of res judicata is a legal rather than a factual determination. For questions of law, this Court's standard of review is de novo. *Saliba v. Saliba*, 753 So.2d 1095, 1098 (Miss. 2000).

## DISCUSSION

¶9. The question of whether the Pennsylvania court had jurisdiction over Hynum is crucial to the circuit court's ability to enforce the judgment. Hynum challenged the Pennsylvania court's jurisdiction by entering a special appearance, through Pennsylvania counsel, for the limited purpose of challenging personal jurisdiction. However, after hearing arguments on the jurisdictional issue, the Pennsylvania judge denied and dismissed Hynum's challenge and ordered him to answer Global's complaint within twenty days, which he did not do.

¶10. Global first argues that the Pennsylvania court's decision on jurisdiction is binding and bars Hynum's collateral attack of the judgment in Forrest County. Global contends that the doctrine of res judicata should be applied since the issue of whether Pennsylvania had in personam jurisdiction over Hynum

4

has already been decided. Hynum counters that Global misrepresented facts to the Pennsylvania judge in order to obtain jurisdiction.

¶11. Res judicata reflects the refusal of the law to tolerate a multiplicity of litigation. *Little v. V&G Welding Supply, Inc.*, 704 So.2d 1336, 1337 (Miss. 1997). Res judicata bars all issues that might have been (or could have been) raised and decided in the initial suit, plus all issues that were actually decided in the first cause of action. *Id.* "The principles of res judicata apply to questions of jurisdiction as well as to other issues whether the questions relate to jurisdiction of the subject matter or jurisdiction of the parties." *Dep't of Human Servs. v. Shelnut*, 772 So.2d 1041, 1045 (Miss. 2000) (citing *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982)). In determining "whether the judgment amounts to res judicata on the question of the jurisdiction of the court which rendered it over the person of the respondent, [i]t is of no moment that the appearance was a special one expressly saving any submission to such jurisdiction. That fact would be important upon appeal from the judgment...." *Baldwin v. Iowa State Traveling Men's Ass'n,* 283 U.S. 522, 524-25, 51 S. Ct. 517, 75 L. Ed. 1244 (1931).

¶12. To apply res judicata to jurisdictional issues, a prior challenge to the jurisdictional claim is required. A defendant has three options available:

> First he may ignore the complaint and summons, and, then if a default judgment is issued against him, he may challenge that judgment on jurisdictional grounds in a collateral proceeding when the plaintiff seeks to enforce the judgment. Second, he may voluntarily waive any lack of personal jurisdiction and submit to the distant court's jurisdiction. And third, he may submit to the jurisdiction of the court for the limited purpose of challenging jurisdiction.

5

*Shelnut*, 772 So.2d at 1045-46 (citations omitted). If, however, a defendant takes the third route, "the defendant agrees to abide by that court's determination on the issue of jurisdiction: That decision will be res judicata on that issue in any further proceedings." *Id*. at 1046.

¶13. Global relies primarily on *Shelnut*, which concerned the enforcement of a child support order entered in a Canadian divorce action.[1] The wife filed a divorce action in Canada, and the husband filed an affidavit and pleading in the Canadian court, contesting personal jurisdiction. The Canadian court rejected the husband's argument and ruled in favor of the wife, granting the divorce and awarding custody and child support to her. In an attempt to collect child support, the Mississippi Department of Human Services (DHS) filed suit against the husband in Hinds County. The husband contested enforcement of the Canadian judgment, and the Hinds County Chancery Court found that the Canadian court lacked jurisdiction to enter the order against him.

¶14. On appeal, this Court reversed, holding that res judicata barred relitigation of the jurisdictional issue, and stating that, "by making a special appearance to raise the issue of personal jurisdiction, the husband preserved the jurisdictional issue for purposes of *direct* appeal. He did not preserve it for collateral attack." *Id*. at 1047 (emphasis added) (citing *O'Neill v. O'Neill*, 515 So. 2d 1208 (Miss. 1987)). It was also noted that since no attempt was made to appeal the Canadian ruling that he should not be allowed to collaterally attack it. *Shelnut* 772 So.2d at 1047.

---

[1] The Shelnuts were married in Canada but lived in Mississippi. Ms. Shelnut returned to Canada before filing for divorce. Mr. Shelnut remained in Mississippi. Although *Shelnut* discusses enforcement of a judgment under Mississippi statutes, the questions of res judicata and full faith and credit were decided using Mississippi case law.

¶15.    Hynum counters by arguing that Mississippi law does not apply full faith and credit to foreign judgments obtained by false means or representations; nor does it apply to judgments if the foreign court did not have jurisdiction. ***Davis v. Davis***, 558 So.2d 814, 818 (Miss. 1990). Hynum contends that ***Shelnut*** is not applicable because there was no allegation of fraud in obtaining jurisdiction over Mr. Shelnut.

¶16.    Further, Hynum relies on ***Reeves Royalty Co. v. ANB Pump Truck Service***, 513 So. 2d 595 (Miss. 1987), in which a default judgment was entered against Reeves in favor of ANB in Witchita County, Texas. ***Id***. at 596. ANB sought to have the foreign judgment enforced in Mississippi, and Reeves contested the enforcement and put on uncontradicted evidence that ANB had agreed to take no further action against it and Reeves therefore withdrew its defense of the Texas case.[2] ***Id***. This Court noted that where the court rendering the judgment was without jurisdiction or where judgment was obtained by *extrinsic fraud*, then a state was not required to recognize the foreign judgment. ***Id***. at 598 (emphasis added). Extrinsic fraud is "any fraudulent conduct of the successful party which was practiced outside of an actual adversary trial directly and affirmatively on the defeated party whereby he was prevented from presenting fully and fairly his side of the cause." ***Id.*** at 598-99. Further, this Court stated that "[i]t is not fraud involving the merits of the case which may be thus attacked, but a fraud that enables a party to procure a judgment he otherwise would not have obtained which is subject to such an attack. This is an important distinction." ***Id***. at 599 (citing ***Smedes v. Ilsley***, 68 Miss. 590, 10 So. 75 (1891)).

---

[2] No claim was made that the Texas court lacked jurisdiction over Reeves.

7

¶17. Hynum's reliance on **Reeves** is misplaced, as his circumstances are clearly distinguishable from that of Reeves. The type of fraud or misrepresentation Hynum complains of is not extrinsic. He argues that Global misrepresented his contacts with Pennsylvania to the Pennsylvania court which decided the issue of jurisdiction. Hynum raised the *exact* same challenge to jurisdiction in the Pennsylvania court as he did in the Forrest County Circuit Court. It is undisputed that the Pennsylvania court had before it Hynum's defense of fraud and false statements made by Global. The issue of jurisdiction was completely litigated in Pennsylvania, and thus the Pennsylvania judgment was valid. Hynum made no attempt to appeal that judgment.

¶18. Hynum is prevented from relitigating the jurisdictional issue because his collateral attack is predicated on the same allegations of misrepresentation as asserted before the Pennsylvania court:

> The courts of this State are bound to give full faith and credit to a judgment of a sister state. This rule is subject to the principle that the courts of this State are not required to recognize the judgment of another state where the judgment was rendered by a court without jurisdiction or where it has been obtained by extrinsic fraud. *This principle is in turn subject to the limitation that if the court of the state which rendered the judgment has expressly litigated the jurisdictional question or the matter of fraud that the determination becomes res judicata on this point and is, itself, protected by the full faith and credit clause of the Constitution of the United States, Article IV, § 1. Therefore, a jurisdictional question cannot be relitigated a second time in another state.*

*Galbraith & Dickens Aviation Ins. Agency v. Gulf Coast Aircraft Sales, Inc.,* 396 So.2d 19, 21 (Miss. 1981) (quoting *Ratuer v. Hensley*, 303 So.2d 41, 44 (Fla. Dist. Ct. App. 1974) (emphasis added). The Pennsylvania court fully litigated the issue of jurisdiction. Hynum contested the jurisdiction by entering a special appearance, and he presented his defense before the Pennsylvania court. After the court entered its judgment in favor of Global, Hynum failed to prosecute an appeal through the Pennsylvania

judicial system. He chose to do nothing. As stated previously, once a defendant has elected to contest jurisdiction, that defendant has agreed to abide by the foreign court's determination, and res judicata will apply. Thus, the trial court erred in striking the Pennsylvania judgment from the Forrest County Judgment Roll and by granting Hynum's motion for summary judgment.

## CONCLUSION

¶19.    The Pennsylvania judgment against Hynum is to be given full faith and credit. We reverse the judgment of the Forrest County Circuit Court, and we remand this case to that court with instruction to re-enroll the Pennsylvania judgment on the Judgment Roll of Forrest County.

¶20.    **REVERSED AND REMANDED.**

**PITTMAN, C.J., SMITH, P.J., WALLER, CARLSON AND GRAVES, JJ., CONCUR. McRAE, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY EASLEY, J. DIAZ, J., NOT PARTICIPATING.**


**McRAE, PRESIDING JUSTICE, DISSENTING:**

¶21.    Once Wayne Hynum entered a special appearance contesting personal jurisdiction, he was required to do no more before the State of Pennsylvania with regard to Global Oceanic Enterprises ("Global") and Coppola's claims. The majority fails to realize that even under *Dep't of Human Servs. v. Shelnut*, 772 So.2d 1041 (Miss. 2000), Hynum is not precluded by res judicata since he made a "limited purpose" appearance to challenge jurisdiction. He did what we ask litigants to do and that is to have a trial court make a decision on personal jurisdiction. Later, we make a determination if it was right or wrong. After the "limited purpose" appearance, he was required to do no more. Once Hynum challenged personal jurisdiction, he was not required to continue through Pennsylvania's court system

9

through appeals in order to preserve his arguments regarding lack of personal jurisdiction. As such, under our holding in *Galbraith & Dickens Aviation Ins. Agency v. Gulf Coast Aircraft Sales, Inc.*, 396 So.2d 19 (Miss. 1981), Hynum is allowed to contest the

jurisdictional issue in this State since he not only preserved the issue by entering a special appearance but also has a valid argument that the Pennsylvania judgment is void due to lack of personal jurisdiction. The majority's findings regarding res judicata and Hynum's duty to appeal the Pennsylvania court's decision regarding personal jurisdiction are in error; and I, therefore, dissent. The learned trial judge got it right.

¶22. First, the majority overlooks several important facts and procedural issues regarding the enrollment of foreign judgments. The enrollment and enforcement of foreign judgments in Mississippi is governed by statute. *Davis v. Davis*, 558 So.2d 814, 816 (Miss. 1990).[3] Miss. Code Ann. §§ 11-7-301 through 11-7-309 (Supp. 2002) provides the proper procedure for enrollment of foreign judgments, enforcement of foreign judgments, and attacks on the enrollment of foreign judgments. A three-step analysis determines the enforceability of a foreign judgment. 558 So.2d at 817.

¶23. The first step required by the statute is a determination of whether the judgment at issue is a foreign judgment by definition. *Id.*; Miss. Code Ann. § 11-7-301. Without a doubt, the Pennsylvania default judgment is a foreign judgment.

¶24. The second step required is a determination of whether the judgment has been properly submitted for enrollment and enforcement in the Mississippi court. 558 So.2d at 817; Miss. Code Ann. §§ 11-7-303 & 11-7-305. This requirement is also satisfied.

---

[3] *See also* ***Magallanes v. Magallanes***, 802 So.2d 174, 175 (Miss. Ct. App. 2001).

10

¶25.    The third step requires a determination of whether the judgment is entitled to Full Faith and Credit. 558 So.2d at 817; Miss. Code Ann. § 11-7-301. This is where the analysis gets tricky. Article IV, § 1 of the United States Constitution requires this State to give full faith and credit to all final judgments of other states unless: (1) the foreign judgment itself was obtained as a result of some false representation without which the judgment would not have been rendered; or (2) the rendering court did not have jurisdiction over the parties or the subject matter. 558 So.2d at 817 (citing *Reeves Royalty Co. v. ANG Pump Truck Service*, 513 So.2d 595, 598 (Miss. 1987); *Sollitt v. Robertson*, 544 So.2d 1378 (Miss. 1989)). "[E]xtrinsic evidence is admissible in a collateral attack upon a foreign judgment to show that it is void, . . . and a judgment which is void is subject to collateral attack both in the state in which it is rendered and in other states." *Galbraith & Dickens Aviation*, 396 So.2d at 21 (citing Restatement 2nd, Conflict of Laws, ss 11, p. 69, ss. 12, p. 65 (1942)). In attacking such judgment collaterally, a party may assert what is known as extrinsic fraud. *Davis*, 558 So.2d at 818-19. Extrinsic fraud is "fraud which 'enables a party to procure a judgment he otherwise would not have obtained.' " *Id.* at 818 (quoting *Reeves Royalty Co.,* 513 So.2d at 598). In order to present a claim for extrinsic fraud, a party must file an answer or response to the enrollment of judgment withing twenty (20) days. *Id.* at 819; Miss. Code Ann. § 11-7-305 (3).[4]

¶26.    Applying these principles here, Hynum's claim that Global and Coppola obtained personal jurisdiction through extrinsic fraud and thereby secured a default judgment which is **not entitled** to full faith and credit has merit. All of the facts presented show that Global and Coppola obtained personal

---

[4] *See also **Magallanes v. Magallanes***, 802 So.2d 174, 176 (Miss. Ct. App. 2001).

11

jurisdiction through extrinsic fraud. Hynum was hired in Mississippi to represent them in a pending lawsuit in Forrest County, Mississippi. **Hynum did not travel to Pennsylvania with regard to this lawsuit and did no other work for the defendants except in this State**. The fee agreement pertaining to the lawsuit was executed in Hattiesburg, Mississippi. Before Hynum was even afforded a hearing in Pennsylvania regarding his claim of lack of personal jurisdiction, Global and Coppola sent a letter to the trial judge in an attempt to convince him that Hynum indeed had contacts. That letter contained flagrant misrepresentations regarding Hynum's contacts with Pennsylvania which included: (1) false statements that the fee agreement was executed in Pennsylvania; (2) false statements regarding Hynum's meetings with Global representatives in Pennsylvania; and (3) false statements that Hynum traveled to Pennsylvania to deliver Global's settlement money. Global and Coppola did not deny sending the letter when questioned about its content in the Forrest County Circuit Court. The circuit judge even asked Global and Coppola to present sworn affidavits attesting to the truth of the facts asserting in the letter, but they refused. There can be no doubt that the default judgment entered against Hynum was the result of extrinsic fraud. Such extrinsic fraud renders the judgment ineligible for enforcement under Full Faith and Credit Clause. Having followed all the procedures required by statute and rules, Hynum was entitled to an adjudication of such lack of personal jurisdiction before the Forrest County Circuit Court.

¶27.    The majority's application of the doctrine of res judicata is also flawed because it fails to fully consider the implications of Mississippi statutory law. In addition to the above referenced statutory section, "[a foreign] judgment so filed has the same effect and is **subject to the same procedures, defenses and proceedings for reopening, vacating or staying as a judgment of a circuit court of any county in this state** and may be enforced or satisfied in like manner, subject to the provisions of

12

Section 15-1-45." Miss. Code Ann. §11-7-303 (emphasis added). In light of this section, it further provides that "[n]o execution or other process for enforcement of a foreign judgment filed hereunder shall issue until twenty days after the date the judgment is filed." Miss. Code Ann. § 11-7-305(3). We have interpreted this section to mean that the judgment debtor has twenty days after the entry of judgment to present a response and/or objection to such entry and present such defenses and procedures which are provided by Miss. Code Ann. § 11-7-303. *Davis*, 558 So.2d at 819. By statute and judicial interpretation, a judgment debtor may utilize, by motion within twenty days of entry of the judgment, the procedures and defenses to set aside a default judgment as provided for in Rules 55(c) & 60(b) of the Mississippi Rules of Civil Procedure. *Davis*, 558 So.2d at 819; Miss. Code Ann. § 11-7-303; Miss. R. Civ. P. 55(c), 60(b). Rule 55(c) provides, in relevant part, that '**[f]or good cause shown, the court may set aside an entry of default** and, if a judgment by default has been entered, **may likewise set it aside in accordance with Rule 60(b)**." Miss. R. Civ. P. 55(c) (emphasis added). Rule 60(b) provides, in relevant part, that:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) **fraud**, misrepresentation, or other misconduct of an adverse party;
> > (2) accident or mistake;
> > (3) newly discovered evidence which by due diligence could not have been discovered in time to move fr a new trial under Rule 59(b);
> > (4) **the judgment is void**;
> > (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;
> > (6) **any other reason justifying relief from the judgment**.
> > The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than six months after the judgment, order, or

13

> proceeding was entered or taken. . . . This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court.

Miss. R. Civ. P. 60(b) (emphasis added).

¶28.    Under the law and rules mentioned above, Hynum followed the proper procedure. The foreign judgment was filed on June 3, 1999. On June 21, 1999, Hynum entered his Response to the Enrollment of Judgment and Motion to Strike the Foreign Judgment. This was within the twenty day required period. Furthermore, he correctly utilized the statutory procedure by presenting those defenses and procedures which bar the judgments enforcement. The majority incorrectly states that the principles of res judicata forbid a Mississippi court from reviewing a foreign court's holding regarding personal jurisdiction and subsequent default judgment entered in a foreign jurisdiction and enrolled for enforcement in this State. By statute and procedural rules, Hynum was not procedurally barred by res judicata from attacking the Pennsylvania court's default judgment which was predicated upon the court's finding of personal jurisdiction as a result of extrinsic fraud. He had every right under the laws of this State to present his position to the court.

¶29.    Furthermore, in finding res judicata, the majority incorrectly relies on *Shelnut*, which involved a Canadian judgment for which comity was sought. 772 So.2d at 1044-49. Full faith and credit as between the states was not even an issue. Additionally, in *Shelnut*, the Hinds County Chancery Court did address the Canadian court's assertion of personal jurisdiction over Shelnut. *Id.* at 1044. Furthermore, the action in *Shelnut* which precipitated the appeal to this Court was an action brought by DHS to collect child support. *Id.* In this regard, the facts presented here are quite different.

14

¶30.     A reading of the precedents on the issues presented, leads to the conclusion that the case most on point and applicable to the present situation is *Galbraith*, 396 So.2d 19.  In *Galbraith*, Galbraith & Dickens Aviation Ins. Agency ("Galbraith") was an Oklahoma corporation, while Gulf Coast Aircraft Sales ("Gulf Coast") was a Mississippi corporation. *Id.* at 20.  Galbraith brought suit in the District Court of Tulsa, Oklahoma against Gulf Coast seeking recovery of unpaid insurance premiums allegedly due.  *Id.* Gulf Coast did not file an answer or appear in the Oklahoma suit.  *Id.*  The Oklahoma court entered a default judgment in favor of Galbraith.  *Id.*   The district court found that personal jurisdiction existed because of Galbraith's allegations that Gulf Coast had solicited certain policies for aviation in Oklahoma. *Id.*  Galbraith filed its declaration in the County Court of Jackson County, Mississippi. *Id.*  Gulf Coast filed an answer claiming that the Oklahoma court lacked personal jurisdiction therefore the default judgment was unenforceable.  *Id.*  At the county court hearing on the matter it was discovered that Gulf Coast did not go to Oklahoma to solicit the policies, but Galbraith had in fact come to Mississippi to execute the policies. *Id.*  The only evidence of a business connection with Oklahoma was the mailing of premium checks and claims forms to Oklahoma.  *Id.*  The county court found that the Oklahoma judgment was obtained through misrepresentation as to Gulf Coast's solicitation of insurance policies in Oklahoma.  *Id.*  In affirming the county court's ruling, we held that "Gulf Coast was a passive purchaser of insurance from [Galbraith]." *Id.* at 23.  Under the minimum contacts test, this was not enough to subject Gulf Coast to personal jurisdiction in the State of Oklahoma.  *Id.* at 21-23.

¶31.     The facts here present essentially the same situation as in *Galbraith*.  The fee agreement between Hynum and Global was executed in Mississippi.  The work performed by Hynum on behalf of Global was

15

performed in Mississippi. Hynum never traveled to Pennsylvania to conduct any business relating to his defense of Global in the Forrest County lawsuit. The contacts between Hynum and Global were by mail or phone. Global's letter presented to the Pennsylvania trial court contained misrepresentations and misstatements of fact which induced that trial court to find personal jurisdiction. The reasoning in *Galbraith* is directly on point. Since the Pennsylvania trial court's ruling on personal jurisdiction was based on misrepresentations which amount to extrinsic fraud, the Forrest County Circuit Court correctly found that the foreign default judgment was not entitled to full faith and credit. The learned trial judge got it right, and I would affirm.

¶32.    For these reasons, I dissent.

**EASLEY, J., JOINS THIS OPINION**.

16