LAWRENCE T. MASSIE, Ex'r of the Estate of Michael P. Massie, Plaintiff-Appellee, v. PAUL S. MINOR, Defendant-Appellant.—MINOR AND ASSOCIATES, Petitioner-Appellant, v. LAWRENCE T. MASSIE, Ex'r of the Estate of Michael P. Massie, Respondent-Appellee.

Fifth District   No. 5—98—0598

Opinion filed August 31, 1999.

T. David Purcell, of Mitchell, Neubauer & Hanson, P.C., of Mt. Vernon, for appellants.

Eric L. Terlizzi, of Pfaff, Garner & Terlizzi, of Salem, for appellee.

JUSTICE WELCH delivered the opinion of the court:

This appeal involves a question of the enforceability of a judgment rendered by a trial court in Mississippi and whether it must be given full faith and credit by an Illinois court. The appeal involves two separate actions: (1) a suit brought in Illinois for money due on a written contract, including a motion to dismiss based on the *res judicata* effect of a Mississippi judgment (cause No. 97—LM—213), and (2) a petition to register the Mississippi judgment pursuant to the Uniform Enforcement of Foreign Judgments Act (735 ILCS 5/12—650 *et seq.* (West 1996)) (cause No. 98—LM—29). These actions were consolidated in the trial court. The facts are as follows.

On September 24, 1997, Michael P. Massie,[1] an Illinois resident, filed suit in the circuit court of Marion County, Illinois, against Paul S. Minor, a Mississippi attorney, to recover monies due for services rendered on a written contract. Massie was a railroad investigative consultant, and Minor is an attorney in Mississippi who had retained Massie as an expert witness in a wrongful-death action against a railroad. The written contract is attached to Massie's complaint.

---

[1]Massie died in March 1999, and his executor was substituted as appellant on April 13, 1999. In this opinion, we will continue to refer to the appellant as Massie.

Among its provisions is the following: "If legal action is required by Michael P. Massie to collect fees or expenses advanced or to resolve any dispute, then the parties agree that Marion County, Illinois[,] shall be the proper venue for that legal action." Minor was properly served with a summons in Mississippi.

On October 14, 1997, after being served with a summons in Massie's Illinois action, Minor filed suit against Massie in the county court of Hamilton County, Mississippi. The suit alleged that Massie had breached the contract between the parties, and Minor sought the return of monies paid to Massie, plus attorney fees, expenses, and costs. A copy of the contract sued upon was not attached to the complaint, and despite the venue provision in the contract, the complaint alleged that venue was proper in Hamilton County, Mississippi. The complaint did not inform the Mississippi court that an action on the same contract was already pending in Illinois.

Massie was served with a summons by certified mail, as permitted by the laws of the State of Mississippi. Rule 4(c)(5) of the Mississippi Rules of Civil Procedure provides that a summons may be served on a person outside the state by certified mail, return receipt requested, and marked "restricted delivery." Service by certified mail is not permitted on a Mississippi resident unless that resident consents to such service.

According to his affidavit, Massie diligently attempted to retain counsel in time to appear and defend Minor's lawsuit but was unable to do so. On December 2, 1997, a default judgment was entered against Massie in the amount of $7,500 plus costs and interest.

On January 28, 1998, Minor filed in the circuit court of Marion County, Illinois, a motion to dismiss Massie's complaint based on the *res judicata* effect of the Mississippi judgment and the full faith and credit clause of the United States Constitution (U.S. Const., art. IV, § 1). On that same date, January 28, 1998, Minor also filed in the circuit court of Marion County a petition for the registration of the Mississippi judgment against Massie.

Massie's complaint against Minor and Minor's petition to register the Mississippi judgment were consolidated in the trial court. After additional proceedings and hearings in the trial court, the circuit court of Marion County entered an order on August 20, 1998, in both of the actions. The court found that the Mississippi judgment had been procured by fraud and in violation of the due process standards of traditional notions of fair play and substantial justice in that: (1) Minor knowingly failed to attach the written contract to his complaint or bring it to the attention of the Mississippi court, (2) by failing to attach the written contract to his complaint, Minor concealed from the

Mississippi court the express agreement for venue in Marion County, Illinois, (3) Minor's complaint contained a false and fraudulent allegation that Massie had repeatedly refused to furnish a written report, (4) while Minor's complaint alleges only that Massie charged too much for his services, Minor obtained a judgment for the entire amount paid to Massie, and (5) most significantly, Minor never informed the Mississippi court that suit had been filed on the contract in Illinois and personal service obtained upon Minor prior to the filing of Minor's complaint in Mississippi. With respect to this last point, the trial court found that while the Mississippi court may not have been deprived of jurisdiction by the fact that the cause was already before an Illinois court, it is unlikely the Mississippi court would have entered a default judgment against Massie had it known of the Illinois action. Finally, the trial court found that although any one of the factors might have been insufficient in itself to deny enforcement of the Mississippi judgment, taken in their entirety they render the Mississippi judgment unenforceable as obtained in violation of Massie's due process rights.

Minor's petition to register his Mississippi judgment was denied, and he appeals from this denial pursuant to Supreme Court Rule 301 (155 Ill. 2d R. 301). Minor's motion to dismiss Massie's complaint was denied, and on November 23, 1998, an order was entered pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308), certifying the following questions for immediate interlocutory appeal:

> "I. Considering all the circumstances, could the trial court properly find that [Minor] procured his foreign judgment by fraud and in violation of [Massie's] due process rights?
>
> II. In finding that a foreign judgment was procured by fraud and in violation of due process rights, can the trial court consider the totality of all the circumstances when one or more of the circumstances individually might be insufficient to find fraud or [a] violation of due process rights?"

■ The United States Constitution requires that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." U.S. Const., art. IV, § 1. The Uniform Enforcement of Foreign Judgments Act (Act) provides that a judgment of another state which is entitled to full faith and credit in this state may be registered in Illinois and have the same effect and be subject to the same procedures as a judgment rendered in this state and may be enforced or satisfied in the same manner. 735 ILCS 5/12—650 *et seq.* (West 1996). Under the Act, the ultimate inquiry is whether the foreign judgment should be accorded full faith and credit in this state. See *Morey Fish Co. v. Rymer Foods, Inc.*, 240 Ill. App. 3d 61, 66 (1992), *rev'd on other grounds*, 158 Ill. 2d 179 (1994).

■ A collateral attack may be had on a foreign judgment in only two instances: (1) when there is extrinsic fraud in the procurement of the judgment or (2) when there is a lack of personal or subject matter jurisdiction in the foreign court. See *Falcon v. Faulkner*, 209 Ill. App. 3d 1, 13 (1991). In the instant case the trial court refused to give full faith and credit to the Mississippi judgment on the basis of the court's finding that there had been extrinsic fraud in the procurement of the judgment. Minor argues that the trial court erred in finding extrinsic fraud in the procurement of the judgment.

■ As explained in *Falcon v. Faulkner*, 209 Ill. App. 3d 1, 13 (1991), Illinois courts have distinguished between two types of fraud, extrinsic and intrinsic. Extrinsic fraud is that which prevents the forum court from acquiring jurisdiction or merely gives the court colorable jurisdiction. See *Falcon*, 209 Ill. App. 3d at 13. The classic definition of extrinsic fraud refers to situations where the unsuccessful party has been prevented from exhibiting fully his case, as by keeping him away from the courthouse, or where the defendant never had knowledge of the suit. See *Falcon*, 209 Ill. App. 3d at 13. Only extrinsic fraud renders the judgment void and unenforceable. See *Falcon*, 209 Ill. App. 3d at 13.

Intrinsic fraud is that which occurs after the forum court acquires jurisdiction, such as false testimony or concealment. See *Falcon*, 209 Ill. App. 3d at 13. It will not prevent the registration of a foreign judgment.

An example of intrinsic fraud is found in *Dawson v. Duncan*, 144 Ill. App. 3d 532, 540 (1986). The appellant defended against a petition for the registration of a foreign judgment by claiming that his signature on the note which was the subject of the judgment was a forgery and that therefore the foreign judgment was based on a fraud in its procurement. The court held that because the appellant could have defended on the basis of fraud/forgery in the foreign court, any fraud was intrinsic and not extrinsic and did not render the judgment void.

Other examples of intrinsic fraud are found in *Falcon v. Faulkner*, 209 Ill. App. 3d 1, 14-15 (1991). Mischaracterization of the defendant in the caption of the case as the agent of another could have been defended against in the foreign court and therefore was not extrinsic fraud in the procurement of the judgment. More on point to the case at bar was the defendant's argument that because the foreign action was a suit on a written contract and because the written contract attached to the complaint was not the contract actually signed by the parties, there was extrinsic fraud in the procurement of the judgment. The court held that because the defendant could have challenged the

complaint and its attachment in the foreign court and could have defended on the basis that the complaint was invalid because it did not include the contract as an attachment, there was no extrinsic fraud which prevented the foreign court from acquiring jurisdiction. The court emphasized that extrinsic fraud is that which prevents the foreign court from acquiring jurisdiction or gives it only colorable jurisdiction. Any fraud that occurred was intrinsic, not extrinsic.

■ Reviewing the trial court's findings of fraud regarding the procurement of the Mississippi judgment, we must conclude that any fraud which occurred was of the intrinsic variety rather than the extrinsic variety. All of the findings of fraud were matters that could have been raised in the Mississippi proceeding by Massie. That the written contract being sued upon was not attached to the complaint is intrinsic rather than extrinsic fraud. See *Falcon*, 209 Ill. App. 3d at 15. That the contract's expressed provision for venue in Illinois was concealed from the Mississippi court by Minor is intrinsic fraud, as the issue of venue and the contract's provision could have been presented to the Mississippi court had Massie defended there. The complaint's false allegation that Massie had refused to submit a written report is clearly a matter of intrinsic fraud which could have been litigated in Mississippi. The amount of the judgment rendered is not a matter of extrinsic fraud where Massie could have litigated it in Mississippi. Finally, the fact that the Mississippi court was never informed of the pending Illinois action is not a matter of extrinsic fraud. Massie could have informed the Mississippi court of his Illinois action. None of the trial court's findings of fraud involve matters that prevented the Mississippi court from acquiring jurisdiction over Massie or the subject matter of the suit or gave the Mississippi court only colorable jurisdiction.

A judgment debtor may defend against a foreign judgment sought to be enforced in this state, but not on grounds that could have been presented to the foreign court in which the judgment was rendered. See *Dawson v. Duncan*, 144 Ill. App. 3d 532, 537 (1986). Under principles of *res judicata*, the nature and amount of the judgment, together with all defenses that could have been raised, are foreclosed. See *Dawson*, 144 Ill. App. 3d at 537. Full faith and credit demand this approach. See *Dawson*, 144 Ill. App. 3d at 537. Even considering all of the trial court's findings in totality, there still exists no extrinsic fraud that renders the Mississippi judgment void. We are aware of no law holding that an accumulation of intrinsic fraud is sufficient to justify a denial of full faith and credit to the judgment or that an accumulation of intrinsic fraud somehow results in extrinsic fraud. Accordingly, the trial court erred in refusing to register the Mississippi judgment and

accord it full faith and credit on the basis of extrinsic fraud in its procurement.

The trial court further erred in denying Minor's motion to dismiss Massie's complaint on the basis of *res judicata*. We answer both of the certified questions of the Rule 308 appeal in the negative.

■ Massie presents an alternative basis on which he claims we may affirm the judgments of the circuit court. This argument was not presented to the trial court. However, as Massie correctly points out, this court can affirm the judgment of the circuit court on any basis appearing in the record, even if it was not the basis relied upon by the trial court. See *Hall v. Humphrey-Lake Corp.*, 29 Ill. App. 3d 956, 962 (1975).

■ Massie argues that the Mississippi court lacked personal jurisdiction over him because its statutory scheme allowing service by mail on nonresidents without their consent but not allowing service by mail on residents without their consent violates constitutional guarantees of equal protection and due process. Of course, as Massie argues, a judgment obtained without personal jurisdiction over the defendant is not entitled to full faith and credit and may be attacked collaterally. See *Falcon v. Faulkner*, 209 Ill. App. 3d 1, 13 (1991).

The equal protection clause of the United States Constitution does not prevent a state from adjusting its legislation to differences in situations. See *Hamilton Corp. v. Alexander*, 53 Ill. 2d 175, 179 (1972). A statute affecting the classifications of persons or objects is not unconstitutional merely because it affects one class and not another, provided that it affects all members of the same class alike and so long as the classification is not arbitrary and is founded upon some substantial difference in circumstances or conditions properly related to the classification. *Hamilton Corp.*, 53 Ill. 2d at 179. Massie argues that Mississippi's classification of residents and nonresidents for purposes of service of summons by mail is arbitrary and discriminatory and not founded upon a substantial difference in circumstances or conditions properly related to the classification.

Because the Mississippi rule on service of summons does not affect a fundamental right and does not classify along suspect lines like race or religion, it does not violate equal protection unless it fails in rationally furthering legitimate state ends. See *Burlington Northern R.R. Co. v. Ford*, 504 U.S. 648, 651, 119 L. Ed. 2d 432, 438, 112 S. Ct. 2184, 2186 (1992). The state may classify between residents and nonresidents for purposes of service of process if it has any conceivable rational basis for doing so. See *Owens v. I.F.P. Corp.*, 374 F. Supp. 1032, 1035 (W.D. Ky. 1974), *aff'd*, 419 U.S. 807, 42 L. Ed. 2d 36, 95 S. Ct. 23 (1974) (*mem. op.*). The United States Supreme Court has

recognized that some distinction may be drawn between the methods employed to serve residents versus methods to serve nonresidents. In *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 94 L. Ed. 865, 873, 70 S. Ct. 652, 657 (1950), the Court explained, "Personal service has not in all circumstances been regarded as indispensable to the process due to residents, and it has more often been held unnecessary as to nonresidents." Mississippi's statutory scheme for service of process on nonresidents does not violate the equal protection clause or the due process clause of the fourteenth amendment to the United States Constitution.

Massie also argues, as an alternative basis on which to affirm the trial court, that the envelope containing the summons with which he was served was not marked "restricted delivery," as required by the Mississippi rule, and that therefore service on him was defective and the Mississippi court did not acquire personal jurisdiction over him. Massie correctly argues that where the foreign court had no personal jurisdiction over the defendant, the foreign judgment may be collaterally attacked and is not subject to full faith and credit. See *Falcon v. Faulkner*, 209 Ill. App. 3d 1, 13 (1991). However, Massie cites no authority for the proposition that a failure to mark the envelope "restricted delivery," although required by the Mississippi rule, deprives the Mississippi court of personal jurisdiction over the defendant where the envelope is received and signed for by the person sought to be served. It is undisputed here that service upon Massie was effected through certified mail, return receipt requested, that Massie did receive the certified mail, and that he personally signed for it. Massie cites no authority from the State of Mississippi that the mere failure to mark the envelope "restricted delivery," where the mail is actually received and signed for by the intended recipient, is sufficient to deprive the Mississippi court of jurisdiction.

Finally, we feel compelled to address the trial court's holding that, given all of the circumstances, the Mississippi judgment was obtained in violation of Massie's due process rights and is therefore not subject to full faith and credit in an Illinois court. We recognize the appearance that Minor may not have acted in good faith in racing to his Mississippi courthouse, after learning of Massie's Illinois action against him, and obtaining a default judgment against Massie, which he is now attempting to use to defeat Massie's right to even litigate the matter in Illinois. However, we see no violation of Massie's due process rights. Massie had notice of the action against him and had the opportunity to appear and raise whatever defenses were available to him. Notice and the opportunity to be heard are the fundamental requirements of due process. See *Grant, Schon, Wise & Grant, P.C. v.*

*R.W. Borrowdale Co.*, 114 Ill. App. 3d 89, 92 (1983). Any other alleged denial of due process is not a defense to the registration of a foreign judgment unless there is an allegation and proof that the denial of due process amounted to fraud in the procurement of the judgment or a lack of jurisdiction in the foreign court. See *Morrow v. Westphal*, 167 Ill. App. 3d 433, 438 (1988).

This court does not condone the type of behavior exhibited by Minor. Admittedly, his actions technically did not rise to the level of a fraud upon the court, but we should and do expect more from those who hold themselves out as officers of the court. Unfortunately, Massie did little to protect his rights, and as a result, we are forced to uphold Minor's questionable conduct.

For the foregoing reasons, the judgments of the circuit court of Marion County denying the petition to register the Mississippi judgment and denying Minor's motion to dismiss Massie's complaint on the basis of *res judicata* are reversed. Cause No. 98—LM—29, the proceeding to register the foreign judgment, is remanded to the circuit court of Marion County for further proceedings not inconsistent with this order.

Reversed in part and reversed and remanded in part.

RARICK, P.J., and GOLDENHERSH, J., concur.