STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-1122

DONNIE CHESNE, ET AL.

VERSUS

CAPPAERT MANUFACTURED HOUSING, INC.

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, DOCKET NO. 2011-7473-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE
**********

SYLVIA R. COOKS
JUDGE

**********

Court composed of Sylvia R. Cooks, John D. Saunders, and Jimmie C. Peters, Judges.

**AFFIRMED.**

Fred A. Pharis
Pharis Law Offices
831 DeSoto Street
Alexandria, LA 71301
(318) 445-8266
**ATTORNEY FOR PLAINTIFFS/APPELLEES**
    Donnie Chesne, et al.

Jerold Edward Knoll
The Knoll Law Firm, LLC
P.O. Box 426
Marksville, LA 71351
(318) 253-6200
**ATTORNEY FOR PLAINTIFFS/APPELLEES**
    Donnie Chesne, et al.

Albert Dale Clary
Adrian G. Nadeau
Mark L. Barbre
Long Law Firm
4041 Essen Lane, Suite 500
Baton Rouge, LA  70809
(225) 922-5110
**ATTORNEY FOR DEFENDANTS/APPELLANTA**
    Cappaert Manufactured Housing, Inc.

**COOKS, Judge.**

Defendant appeals the district court's judgment granting the Plaintiffs' Exception of No Cause of Action and dismissing Defendant's Motion to Vacate or Modify a previously rendered arbitration award that was confirmed by the district court. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

The genesis of this appeal began with the filing of a Petition for Damages by numerous plaintiffs living in nine different mobile homes manufactured by defendant, Cappaert Manufactured Housing, Inc. The plaintiffs asserted claims in both redhibition and personal injury resulting from alleged defective conditions in the mobile homes.

Seven of the plaintiffs in question were referred to binding arbitration. This was compelled by Cappaert on the grounds that the plaintiffs for these homes signed binding arbitration agreements at the time of purchase. From November 15, 2011 through November 18, 2011, arbitration proceedings were held concerning plaintiffs' redhibition and personal injury claims. On December 13, 2011, a Judgment of the Arbitrator was rendered, granting judgment against Cappaert in favor of the plaintiffs. The plaintiffs then commenced a proceeding in the district court seeking to confirm the Judgment of the Arbitrator. On January 23, 2012, the district judge signed a judgment confirming the Judgment of the Arbitrator.

On March 15, 2012, Cappaert filed a Motion to Vacate or Modify the Arbitration Award. Plaintiffs filed an Exception of No Cause of Action, seeking to dismiss Cappaert's motion. On May 21, 2012, the Exception of No Cause of Action was granted by the trial court.

Cappaert appealed the trial court's judgment. Plaintiffs subsequently filed a Motion to Dismiss Cappaert's appeal, arguing Cappaert's appeal represents "an egregious attempt to circumvent the laws of appellate procedure as they relate to the delays for filing appeals." The Motion to Dismiss was referred to the merits.

**ANALYSIS**

Initially, we note despite the motion to dismiss Cappaert's appeal as untimely, we elect to address the merits of the appealed judgment and, for the following reasons, we affirm.

On December 13, 2011, the Judgment of the Arbitrator was rendered. On January 23, 2012, the district judge signed a judgment confirming the Judgment of the Arbitrator, and all parties were mailed a copy of the judgment on that date. No motion for new trial was filed nor was any motion for suspensive appeal taken by any party. Plaintiffs also note a letter was sent by counsel for Cappaert, dated January 23, 2012, in which it waived appearance at the motion to confirm and noted the judgment to confirm was "consistent with the judgment of the arbitrator."

It was not until May 15, 2012, after the suspensive appeal delays expired, that Cappaert filed a Motion to Vacate or Modify the Arbitration Award. Plaintiffs argued since Cappaert chose not to oppose the motion for confirmation, it no longer had a cause of action to seek to vacate the award.

Louisiana law provides that a confirmation motion must be opposed. Louisiana Revised Statute 9:4209 provides:

> At any time within one year after the award is made any party to the arbitration may apply to the court in and for the parish within which the award was made for an order confirming the award and thereupon the court shall grant such an order unless the award is vacated, modified, or corrected as prescribed in R.S. 9:4210 and 9:4211. Notice in writing of the application shall be served upon the adverse party or his attorney five days before the hearing thereof.

As Plaintiffs noted, La.R.S. 9:4209, by its wording, contemplates a consideration of whether the award should be vacated, modified, or corrected at the time of the confirmation hearing.

Cappaert argues, as it did below, that La.R.S. 9;4213 allows for a motion to vacate, modify, or correct anytime within three months from the arbitration award even if there has been a previous confirmation hearing. That statute provides:

> Notice of a motion to vacate, modify, or correct an award shall be served upon the adverse party or his attorney within three months after the award is filed or delivered, as prescribed by law for service of a motion in an action. For the purposes of the motion any judge, who might issue an order to stay the proceedings in an action brought in the same court may issue an order, to be served with the notice of motion, staying the proceedings of the adverse party to enforce the award.

We note the above statute also provides a method to stay the proceedings to confirm the award. Thus, Cappaert could have sought to stay the confirmation proceedings, but instead chose to waive its appearance and to actually acquiesce in the confirmation of the arbitration award. Cappaert now argues it should have a second opportunity to challenge the arbitration award. We disagree.

Cappaert's belated decision to challenge the arbitration award does not revive its right to contest the original arbitration award after a final judgment has been rendered by a court of law having jurisdiction over the matter. The result reached by the trial court is in accord with the well settled principles of statutory construction. Louisiana Civil Code Article 13 provides that "[l]aws on the same subject matter must be interpreted in reference to each other." The jurisprudence has specifically stated an interpretation "which affords a reasonable and practical effect to the entire act is preferred to one that renders part of the act nugatory."

3

See *Ransome v. Ransome*, 01-2361, p. 8 (La.App. 1 Cir. 6/21/02), 822 So.2d 746, 754.  In this case, Cappaert's attempt to wipe out Plaintiffs' legally obtained confirmation award is unreasonable, particularly in light of its acquiescence in the confirmation award rather than seeking a stay as provided for in La.R.S. 9:4213.  Plaintiffs should be able to rely on the finality of a judicial confirmation of an arbitration award  The trial court did not err in granting Plaintiffs' no cause of action exception.

## DECREE

For the foregoing reasons, the judgment of the trial court granting Plaintiffs' Exception of No Cause of Action is affirmed.  The motion to dismiss Cappaert's appeal is moot.  The judgment below is final.  All costs of this appeal are assessed to Defendant-Appellee, Cappaert Manufactured Housing, Inc.

**AFFIRMED.**