MAXWELL, J.,
for the Court:
¶ 1. Mississippi will only deny full faith and credit to a foreign judgment where the originating court lacked jurisdiction or the judgment was obtained through extrinsic fraud. Here, Cappaert Manufactured Housing, Inc., asks that we not enforce a judgment obtained against it in Louisiana. It bases its request on assertions of “extrinsic fraud” concerning what it deems “ill practices” by members of Louisiana’s judiciary in appointing a biased trial judge. *102 But Cappaert presents nothing extrinsic to the Louisiana proceedings as evidence of fraud. Instead, it solely relies on an order that was part of the record of its Louisiana appeal — an order that the Louisiana appellate court addressed when finding the judgment valid.
¶ 2. Because Cappaert did not raise the issue in its Louisiana appeal and presents no evidence of illicit goings-on outside of the Louisiana proceedings that led to the judgment, we find there is no “extrinsic fraud” that would render the judgment unenforceable in Mississippi. We thus affirm the judgment of the Warren County Circuit Court, denying Cappaert’s objection to the enrollment and enforcement of the foreign judgment.
Background
¶ 3. Cappaert is a Mississippi company that builds manufactured housing. Capp-aert was sued in Louisiana by multiple plaintiffs, who lived in nine different Cappaert-built homes in that state. The plaintiffs raised claims of redhibition[1] and personal injury resulting from alleged defective conditions in the homes. Plaintiffs who lived in seven of the nine homes were ordered to arbitrate.[2] But the claims of the residents of the two remaining mobile homes, Gary and Barbara Thronson and Rodney and Judy St. Romain, went to trial in Avoyelles Parish, Louisiana.
¶ 4. The weekend before trial, the assigned trial judge had a family emergency, which prevented him from serving the next week. So the Supreme Court of Louisiana assigned Retired Judge Ronald D. Cox as “judge pro tempore.” The order assigning Judge Cox was signed by Chief Justice Catherine D. Kimball.
¶ 5. When the parties learned of Judge Cox’s appointment, there were no complaints. Trial proceeded, with Judge Cox ruling in favor of the Thronsons and St. Romains on their redhibition claims. He awarded the Thronsons $68,465.02 and the St. Romains $222,549.44. After an unsuccessful post-trial motion, Cappaert filed a devolutive appeal. (In Mississippi, we would describe the appeal as being “without supercedeas,” meaning the enforceability of the judgment was not stayed during the appeal.)
¶ 6. Because the Louisiana appeal did not suspend the enforcement of the judgment, the Thronsons and the St. Romains enrolled their judgment in the Warren County Circuit Court while the appeal was still pending. Cappaert objected, arguing the judgment was void and should not be given full faith and credit by Mississippi. Cappaert’s cited reason for voiding the judgment was its insistence that the appointment of Judge Cox was procured by “ill practices.” The order appointing Judge Cox was signed by Chief Justice Kimball “for Jeannette Theriot Knoll, Justice.” According to Cappaert, this meant it was really Justice Knoll, not Chief Justice Kimball, who appointed Judge Cox. And Cappaert maintained this was unethical because Justice Knoll is married to one of the attorneys who represented the Thronsons and St. Romains at the trial for which Judge Cox was appointed. Capp-aert further asserted that Justice Knoll purposefully selected Judge Cox to ensure *103 her husband’s clients would prevail. Cappaert pointed to comments Judge Cox made in the hearing on Cappaert’s post-trial motion as evidence of Judge Cox’s bias. Cappaert also objected to the enrollment and enforcement of the judgment because, in its estimation, it was so excessive as to violate due process.
¶ 7. Even though the Louisiana appeal was devolutive (without supercedeas), the Warren County Circuit Court stayed enrollment of the judgment until the Louisiana appeal was resolved. In that appeal, Cappaert argued the judgment was void for a different reason relating to Judge Cox — but it made no allegations of “ill practices” or violations of the Louisiana Code of Judicial Conduct. Rather than attacking the validity of the order appointing Judge Cox, Cappaert instead claimed Judge Cox had exceeded the temporary authority granted him in the order appointing him judge pro tempore. Smith v. Cappaert Manufactured Housing, Inc., 89 So.3d 1234, 1237-38 (La.Ct.App.2012). Cappaert also challenged the amount of the judgment as representing “double recovery.” Id. at 1246.
¶8. The Court of Appeal of Louisiana, Third Circuit, rejected Cappaert’s arguments, neither finding the judgment was void based on Judge Cox’s appointment nor that the judgment was excessive. But in affirming the judgment, the court of appeal did credit Cappaert $27,057.54 against the Thronsons’ judgment, based on rental income they had received from their mobile home. Id. at 1248.
¶ 9. Once the Court of Appeal of Louisiana affirmed the judgment, at the reduced amount, the Warren County Circuit Court found it was likewise enforceable in Mississippi. The circuit court specifically rejected Cappaert’s arguments of a fraudulent appointment and an excessive damage award because Cappaert had not raised these objections in its Louisiana appeal.
¶ 10. Cappaert timely appealed the circuit court’s order.
Discussion
¶ 11. Though Cappaert now claims extrinsic fraud, ill practices, and lack of due process in the Thronsons and St. Romains’ procurement of the Louisiana judgment, we note the Court of Appeal of Louisiana has already ruled on the validity of the judgment, including Judge Cox’s appointment and the amount of the judgment. Smith, 89 So.3d at 1238, 1246. After review, we refuse to deny full faith and credit to the already judicially approved final judgment, based on arguments Capp-aert could have and, perhaps, should have raised with the Louisiana court.

I. Appointment of Judge Cox

¶ 12. Article IV, Section 1 of the United States Constitution directs Mississippi to give full faith and credit to all final judgments by another state or federal court. But there are two notable limitations. Mississippi does not have to extend full and credit “where the court rendering the judgment was without jurisdiction or judgment was obtained by extrinsic fraud.” Reeves Royalty Co. v. ANB Pump Truck Serv., 513 So.2d 595, 598 (Miss.1987) (citation omitted). Because Cappaert alleges the judgment was obtained by extrinsic fraud, we focus on this exception to the Full Faith and Credit Clause.
¶ 13. “Extrinsic fraud has been defined as any fraudulent conduct of the successful party which was practiced outside of an actual adversary trial directly and affirmatively on the defeated party whereby he was prevented from presenting fully and fairly his side of the cause.” Id. at 598-99 (emphasis added) (quoting Britton v. Gannon, 285 P.2d 407, 409-10 *104 (Okla.1955)). For example, in Reeves Royalty, a creditor obtained a default judgment in Texas after it had assured the debtor that it would take no further action to collect the debt. Id. at 597. Because the Texas judgment was procured by assurances made outside of the trial proceeding, our supreme court found extrinsic fraud rendering the judgment unenforceable. Id. at 599.
¶ 14. But here, Cappaert points to nothing that occurred outside of the trial proceedings in Louisiana that led to the judgment. In other words, Cappaert is not alleging that it has, since the Louisiana appeal, learned of a conversation or agreement or assurance made outside of the trial proceeding that prompted the unfavorable judgment. Cappaert’s only evidence to support its claim of extrinsic fraud is the order appointing Judge Cox, which bore the name, but not the signature, of Justice Knoll — an order that Capp-aert relied on in its Louisiana appeal.
¶ 15. Cappaert asks us to assume that this order, on its face, proves judicial misconduct so severe as to vitiate the judgment that followed Judge Cox’s appointment. But the Court of Appeal of Louisiana, Third Circuit, was well aware of this order. Indeed, the first point of error in Cappaert’s Louisiana appeal was that Judge Cox exceeded the temporal authority granted to him by this order. Smith, 89 So.3d at 1237-38. And the court of appeal relied on the order’s language in rejecting Cappaert’s argument. See id. Were it as obvious as Cappaert makes it out to be that this order was the product of judicial misconduct, we have no doubt that the Louisiana appellate court — which is more familiar with its procedures for temporary judicial appointments and has a great interest in protecting the integrity of its judiciary— would have addressed it. Cf. Sollitt v. Robertson, 544 So.2d 1378, 1381 (Miss.1989) (citing Reeves Royalty, 513 So.2d at 598) (“If the law of the state where the judgment was obtained would require the courts of that state to grant relief to judgment debtor, this state will similarly grant relief.”).
¶ 16. And if Cappaert sincerely believed the unfavorable judgment was the product of “ill practices” and thus void, this issue should have been specifically raised in the Louisiana appeal. By that point, Cappaert was certainly familiar with the order appointing Judge Cox, who presided over its trial. In fact, Cappaert crafted and presented its “ill practices” argument in Mississippi while its Louisiana appeal was still pending. And the Warren County Circuit Court postponed its ruling until the Court of Appeal of Louisiana issued its opinion on the judgment’s validity.
¶ 17. In Schwartz v. Hynum, this court found that the principle of res judicata applies to a challenge to the enrollment of a foreign judgment. Schwartz v. Hynum, 933 So.2d 1039, 1042-43 (¶¶ 11-15) (Miss.Ct.App.2006). In Schwartz, because the issue of personal jurisdiction had already been adjudicated in New Mexico, res judicata barred relitigation in the Mississippi foreign-judgment-enrollment proceeding of the issue of whether New Mexico properly asserted personal jurisdiction over the defendant. Id.
¶ 18. “Res judicata bars all issues that might have been (or could have been) raised and decided in the initial suit, plus all issues that were actually decided in the first cause of action.” Id. at 1042 (¶ 12) (quoting Estate of Anderson v. Deposit Guar. Nat’l Bank, 674 So.2d 1254, 1256 (Miss.1996)). Here, Cappaert did raise in the Louisiana appeal the issue of the scope of Judge Cox’s appointment and could have easily raised the issue of the validity of the appointment itself. But it did not. *105 We therefore find the circuit court properly afforded the foreign judgment full faith and credit in Mississippi.

II. Amount of Damages

¶ 19. Cappaert also argues the amount of both judgments, when compared to the original purchase prices of both manufactured homes, is so excessive as to violate due process. However, the amount of a judgment, in itself, cannot form the basis for denying full faith and credit, as it is neither evidence of lack of jurisdiction nor extrinsic fraud. See Massie v. Minor, 307 Ill.App.3d 115, 240 Ill.Dec. 263, 716 N.E.2d 857, 862 (1999) (finding that the judgment debtor’s challenge to the amount of a judgment obtained in Mississippi was “not a matter of extrinsic fraud where Massie could have litigated it in Mississippi”). This is especially true here, where the amount of the award could have been, and in fact was, challenged in Louisiana. See Smith, 89 So.3d at 1246-7 (rejecting Cappaert’s argument that the judgment amounted to “double recovery”).
¶ 20. For these reasons, we affirm.
¶ 21. THE JUDGMENT OF THE WARREN COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON AND FAIR, JJ., CONCUR. JAMES, J., NOT PARTICIPATING.

. Redhibition is a type of products-liability claim based on the allegation that the product purchased, in this case the mobile home, was so defective as to render the product useless.

. The arbitration plaintiffs were equally successful in obtaining an award against Cappaert. And Cappaert was equally staunch in its efforts to have the arbitration award declared unenforceable. Chesne v. Cappaert Manufactured Housing, Inc., 111 So.3d 526, 528 (La.Ct.App.2013) (declaring “Cappaert's attempt to wipe out Plaintiffs’ legally obtained confirmation award [to be] unreasonable”).