# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-01085-COA

**MARLIN BUSINESS BANK**                                    **APPELLANT**

**v.**

**STEVENS AUCTION COMPANY AND**                          **APPELLEES**
**JOHN D. STEVENS**

DATE OF JUDGMENT:              06/28/2016
TRIAL JUDGE:                   HON. JAMES SETH ANDREW POUNDS
COURT FROM WHICH APPEALED:     MONROE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        M. REED MARTZ
ATTORNEY FOR APPELLEES:        P. NELSON SMITH JR.
NATURE OF THE CASE:            CIVIL - CONTRACT
DISPOSITION:                   REVERSED AND REMANDED: 10/03/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE GRIFFIS, P.J., CARLTON AND GREENLEE, JJ.

### GRIFFIS, P.J., FOR THE COURT:

¶1.     Marlin Business Bank obtained a default judgment against John D. Stevens and Stevens Auction Company[1] in a Pennsylvania court.  Marlin sought to enroll the foreign judgment in Monroe County.  The circuit-court judge denied Marlin's motion to enroll the judgment.  Marlin now appeals.

## FACTS AND PROCEDURAL HISTORY

¶2.     John D. Stevens is the owner and operator of Stevens Auction Company, located in Aberdeen, Mississippi.  Stevens entered into a contract with Security Depot, Inc., for the

---

[1] We refer to the Appellees collectively as "Stevens" unless the context requires otherwise.

delivery, installation, and service of video-surveillance equipment on the auction premises. Security Depot, a Georgia-based company, presented Stevens with a lease agreement, entitled "work order." The work order detailed the equipment and provided the monetary terms of the lease. Pursuant to the terms, the sum of $217 was due at delivery, with payments of the same amount to be paid over the sixty-month lease term. The work order provided an option to purchase the equipment.

¶3.    The work order contained a forum-selection clause. The clause, located under a section titled "controlling law," provided that the laws of Georgia controlled any legal proceeding related to the agreement. Stevens signed the agreement and made its first payment to Security Depot on November 14, 2013.

¶4.    On the day of installation, Security Depot presented Stevens with a second equipment-lease contract. The new contract was with Marlin, a third-party finance company. The new contract, entitled "Equipment Lease Contract for Leases under $100,000," also required Stevens to make sixty monthly payments of $217. The contract with Marlin also contained a forum-selection clause. The clause provided the following:

> **Personal Guarantee.** I hereby personally and unconditionally guarantee all amounts owed by the leasing customer under the lease. . . . I agree the lessor may proceed against me separately from the leasing customer. . . . I agree that the lease and personal guaranty shall be governed by the laws of the Commonwealth of Pennsylvania and any suit relating to the lease or personal guaranty shall be brought only in a state or federal court in Pennsylvania and I irrevocably consent and submit to the jurisdiction of such courts, and I waive trial by jury. I agree that my faxed signature shall be considered as good as my original signature and admissible in court as conclusive evidence of the personal guaranty.

¶5.    Stevens signed the lease agreement with Marlin on November 21, 2013. Stevens then

2

made its second payment to Security Depot on November 22, 2013.

¶6. Shortly after installation, the equipment malfunctioned. Stevens sought assistance from both Security Depot and Marlin. The equipment was never repaired, and Stevens ceased making payment. Marlin did not receive a single payment from Stevens.

¶7. Marlin brought suit against Stevens in a Philadelphia Municipal Court in Pennsylvania. Stevens neither appeared nor responded to the pleadings. On October 23, 2014, Marlin obtained a default judgment, in the amount of $11,459.50, against Stevens.

¶8. In January 2015, Marlin filed a notice of enrollment of the Pennsylvania judgment in Monroe County. Stevens challenged the motion.

¶9. A hearing was held, but no evidence was offered. The hearing consisted of the argument of counsel and several exhibits being marked for identification. The circuit judge took the matter under advisement and subsequently issued an order that found that Stevens was the victim of a "bait and switch" by Security Depot and Marlin as to the lease agreements and the forum-selection clauses. The circuit judge concluded that the initial agreement and lease payments were made to Security Depot and later switched to Marlin. The lease contract with Marlin was signed on November 21, 2013, but Stevens continued to make payments to Security Depot. Stevens made its second and final payment to Security Depot on November 22, 2013, just one day after execution of the contract with Marlin. The circuit judge also determined that there was no recourse available to Stevens when the switch was made from Security Depot to Marlin. Hence, the circuit judge declined to allow the Pennsylvania judgment be enrolled in Monroe County. Marlin appeals.

3

¶10.   The sole issue before this Court is whether the circuit court was in error when it denied Marlin's request to enroll the Pennsylvania judgment under the Full Faith and Credit Clause.  This Court has held:

> Our review of jurisdictional issues is essentially de novo: In making this determination, this Court is in the same position as the trial court, since all facts are set out in the pleadings or exhibits, and the chancellor may be reversed if he erred whether the error was manifest or not.

*Schwartz v. Hynum*, 933 So. 2d 1039, 1041 (¶7) (Miss. Ct. App. 2006) (citations and quotation marks omitted).

## ANALYSIS

¶11.   "Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state." U.S. Const. art. IV, § 1.  This Court has previously held that "when reviewing a judgment rendered by a [court of] competent jurisdiction in a sister state a presumption of validity as to [that court's] assumption of jurisdiction is given." *Head & Engquist Equip., LLC v. Penelope Corp.*, 864 So. 2d 1025, 1028 (¶6) (Miss. Ct. App. 2004) (citation and quotation marks omitted).  It is well settled that a foreign judgment will be presumed valid in this state unless "the party attacking the judgment . . . affirmatively show[s] its invalidity." *Galbraith & Dickens Aviation Ins.*, 396 So. 2d 19, 21 (Miss. 1981).

¶12.   "[J]udgments entered in courts of a sister state, when sought to be made the judgment of another state, may only be attacked for lack of jurisdiction, otherwise they must be given the same effect as a domestic judgment." *Id.*  While our supreme court has held that foreign judgments may only be attacked for lack of jurisdiction, it has also held that "the courts of

this State are not required to recognize the judgment of another state [if] the judgment . . . has been obtained by extrinsic fraud." *Global Oceanic Enters, Inc. v. Hynum*, 857 So. 2d 659, 663-64 (¶18) (Miss. 2003) (citation omitted).

¶13.    Here, Stevens did not assert that the Pennsylvania court lacked jurisdiction.  Thus, the Mississippi court could "only deny full faith and credit to [the] foreign judgment where the . . . judgment was obtained through extrinsic fraud." *Cappaert Manufactured Hous., Inc. v. Thronson*, 139 So. 3d 100, 101 (¶1) (Miss. Ct. App. 2013).  In *Thronson*, the court held:

> Extrinsic fraud has been defined as any fraudulent conduct of the successful party which was practiced outside of an actual adversary trial directly and affirmatively on the defeated party whereby he was prevented from presenting fully and fairly his side of the cause.  For example, in *Reeves Royalty*, a creditor obtained a default judgment in Texas after it had assured the debtor that it would take no further action to collect the debt.  Because the Texas judgment was procured by assurances made outside of the trial proceeding, our supreme court found extrinsic fraud rendering the judgment unenforceable.
>
> But here, Cappaert points to nothing that occurred outside of the trial proceedings in Louisiana that led to the judgment.  In other words, Cappaert is not alleging that it has, since the Louisiana appeal, learned of a conversation or agreement or assurance made outside of the trial proceeding that prompted the unfavorable judgment.  Cappaert's only evidence to support its claim of extrinsic fraud is the order appointing Judge Cox, which bore the name, but not the signature, of Justice Knoll – an order that Cappaert relied on in its Louisiana appeal.

*Id.* at 103-04 (¶¶13-14) (citing *Reeves Royalty Co. v. ANB Pump Truck Serv*., 513 So. 2d 595, 597-99 (Miss. 1987) (internal citations and quotation marks omitted).

¶14.    Stevens's opposition to the enrollment of the judgment is based the claim that the Pennsylvania court was an inconvenient forum and that the underlying agreements were improperly obtained.  There is no allegation that Marlin obtained the Pennsylvania judgment

through fraud. The circuit court's analysis should have focused on these exceptions. It did not.

¶15. Stevens argued that the Pennsylvania forum was inconvenient. The lease contract provided that suits relating to the lease "shall be brought only in a state or federal court in Pennsylvania." Stevens argues that the Pennsylvania forum is 1,100 miles away from Aberdeen, where the contract was executed, and this distance was inconvenient and posed a hardship for travel.

¶16. To support its argument, Stevens cites *Long Beach Auto Auction, Inc. v. United Security Alliance, Inc.*, 936 So. 2d 351, 355 (¶13) (Miss. 2006), where the Mississippi Supreme Court held:

> Forum selection clauses are presumptively valid and enforceable, unless the resisting party can show:
>
> (1)     [The] incorporation [of the clause] into the contract was the result of fraud, undue influence or overweening bargaining power;
>
> (2)     The selected forum is so gravely difficult and inconvenient that the resisting party will for all practical purposes be deprived of its day in court; or
>
> (3)     The enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought, declared by statute or judicial decision.

In *Long Beach*, the issue of inconvenient forum selection was raised in the forum where the lawsuit was first filed. The court did not consider whether to grant full faith and credit to a foreign judgment. *Id. Long Beach* does not support Stevens's argument here.

¶17. Here, the circuit judge apparently determined that there was fraud in the execution of

these agreements. Stevens claims that it was faced with a "take it, or leave it" situation when Security Depot presented the second lease contract. Stevens argued that Security Depot strategically delayed its introduction of the second lease contract, and this was a "bait and switch." There are two concerns. First, there was no evidence offered at the hearing. The circuit judge's factual finding of "bait and switch" was based on the argument of counsel alone. Second, the question of whether there was fraud in the execution of the contract must have been presented in Pennsylvania. As discussed above, in determining whether to allow full faith and credit to the judgment, absent a jurisdictional issue, the Mississippi court *may only consider whether the Pennsylvania judgment was "obtained by extrinsic fraud."* *Hynum*, 857 So. 2d at 663-64 (¶18) (emphasis added); *see also Thronson*, 139 So. 3d at 101 (¶1). The question of whether there was a "bait and switch" or fraud in the execution or inducement of the contract was beyond the scope of the hearing on whether to allow the foreign judgment to be enrolled.

¶18. We find that the circuit court erred in denying full faith and credit to the Pennsylvania judgment. We remand this action with instructions to reenroll the judgment on the judgment roll of Monroe County.

¶19. **REVERSED AND REMANDED WITH INSTRUCTIONS.**

**LEE, C.J., IRVING, P.J., BARNES, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**